**Donnie R. McCORMICK, Appellant,**

**v.**

**Frances G. ROSS et al., Appellees.**

**No. 74–1546.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1974.

Decided Nov. 25, 1974.

Donnie R. McCormick, filed brief and reply brief pro se.

John M. McIlroy, Sr., Bowling Green, filed appendix for appellees.

Gerard F. Hempstead, filed brief for appellees Briscoe and Millan.

John M. McIlroy, Bowling Green, filed brief for appellee Ross.

Before GIBSON, Chief Judge, MATTHES, Senior Circuit Judge, and WEBSTER, Circuit Judge.

PER CURIAM.

Donnie R. McCormick, hereinafter referred to as plaintiff or McCormick, was convicted of first degree murder in the Circuit Court of Ralls County, Missouri, on February 27, 1968.[1] The judgment of conviction was affirmed by the Supreme Court of Missouri. State v. McCormick, 426 S.W.2d 62 (Mo.1968), cert. denied, 394 U.S. 930, 89 S.Ct. 1199, 22 L.Ed.2d 460 (1969). Since the affirmance McCormick has waged a continuous, albeit unsuccessful, legal battle in an effort to vacate the judgment and sentence. See McCormick v. State, 502 S. W.2d 324 (Mo.1973); McCormick v. State, 463 S.W.2d 789 (Mo.1971), for opinions in which the Supreme Court of Missouri has affirmed state circuit court decisions denying plaintiff post-conviction relief.

Of the numerous post-conviction motions filed by plaintiff, the one relevant to the present litigation is a motion to vacate sentence filed in state circuit court on February 14, 1974, pursuant to Mo.Sup.Ct.Rule 27.26, V.A.M.R. In that motion McCormick contended that his 1968 conviction for first degree murder was based upon an original information charging only second degree murder.[2] In making this assertion, McCormick relied upon a supposed copy of the original information in his case which he had requested and received in 1967 from the circuit court clerk of Ralls County. Plaintiff McCormick's motion was denied on March 15, 1974, after the circuit court judge hearing the motion personally examined the information on file. An appeal from that denial of relief is pending in the Missouri Court of Appeals, St. Louis Division.

This brings us to the instant controversy.

After plaintiff McCormick discovered that there was a discrepancy between the wording of the copy of the information which he had received in 1967 and the original information examined by the Rule 27.26 judge in 1974, he filed the instant civil rights complaint seeking declaratory and injunctive relief as well as compensatory and punitive damages in the United States District Court for the Eastern District of Missouri. The complaint, filed April 17, 1974, named as defendants Frances G. Ross, individually and as clerk of the Ralls County, Missouri, circuit court; John W. Briscoe, individually and as prosecuting attorney of Ralls County, Missouri; and James Millan, individually and as prosecuting attorney of Pike County, Missouri. Plaintiff alleged jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1343, 2201, and 2202.

As we read plaintiff's complaint, his supporting affidavit, and the briefs he has filed in this court, he claims that the information now appearing in the circuit court files and examined by the 27.26 judge is not the information that was in fact originally filed. The infor-

---

1. The prosecution of plaintiff was originally instituted in Pike County, Missouri, but transferred to Ralls County on change of venue.

2. McCormick conceded that an amended information eventually substituted for the original information before trial adequately charged him with first degree murder. He argued, however, that if the original information in fact did not charge him with first degree murder, he could not properly be convicted of that charge on the amended in-

formation, since Mo.Sup.Ct. Rule 24.02 provides that an information may only be amended if no additional or different offense is charged.

Plaintiff also filed a petition for writ of error coram nobis in the circuit court of Ralls County, attacking the prior convictions alleged in the amended information. An appeal from denial of relief in that proceeding is pending in the Missouri Court of Appeals, St. Louis Division.

mation now in the Ralls County circuit court files reads as follows:

> James Millan, Prosecuting Attorney duly elected, commissioned, sworn, qualified, installed and acting as such in and for said County of Pike in the State of Missouri, upon his said oath, and upon his hereto appended oath, informs the Court and upon his said oath and upon his hereto appended oath depose, present, aver and charge that said defendant, on the 6th day of May A.D.1966, at the said County of Pike did then and there unlawfully, willfully, and feloniously premeditatedly, deliberately, on purpose, and of his malice aforethought did make an assault upon one Gilmer Fontaine Meriwether [sic] with a fist and a foot and then and there, feloniously, wilfully, premeditatedly, deliberately, on purpose, and of his malice aforethought did strike, knock, kick, hit and beat with great force and violence at and upon the body of the said Gilmer Fontaine Meriweather and did then and there, feloniously, wilfully, premeditatedly, [*deliberately, on purpose and of his malice aforethought*] did push and throw the said body of the said Gilmer Fontaine Meriweather into a well containing several feet of cold water thereby causing the said Gilmer Fontaine Meriweather to go immediately into shock and get a spasm of the larynx, become helpless and to instantly die on the said 6th day of May, 1966. [Brackets and emphasis supplied.]

The document bears the official seal of the Circuit Court of Pike County and a stamp indicating that it was filed on May 10, 1966, as well as the sworn signature of James Millan, Pike County prosecuting attorney.

Plaintiff asserts that the language bracketed above does not appear on the copy of the information he received from the clerk in 1967. His theory seems to be that the words, "deliberately, on purpose, and of his malice aforethought," were omitted from the original information and that the defendants subsequently "altered and changed [the information] to defeat plaintiff's cause of action before the court," apparently meaning the court hearing his 27.26 motion in 1974.

In response to the complaint, the defendants filed a motion to dismiss or alternatively for summary judgment. In support of the motion, affidavits were filed by the three named defendants; by J. L. Gingry, a deputy circuit court clerk of Ralls County since January 1, 1963; and by Kenneth A. Scott, clerk of the Circuit Court of Pike County since January 2, 1959.

In her affidavit, circuit court clerk Ross stated that on October 19, 1966, she received the transcript of the proceedings in the case from the circuit court clerk of Pike County, Missouri, on change of venue. Included in the papers was an "information for a felony," signed by James Millan and filed in the Circuit Court of Pike County on May 10, 1966. Affiant Ross attached to her affidavit a true copy of the information she received, and it is identical to the original information now on file and which has been set out above. Ross further alleged that an amended information was filed in Ralls County, a copy of which was attached to her affidavit. The amended information is identical to the original information, except that it alleged two prior convictions of the plaintiff. Affiant Ross further declared that pursuant to a request from the plaintiff dated May 11, 1967, she sent him a copy of the information, but that her records did not indicate whether she sent plaintiff a copy of the original or a copy of the amended information. Ross specifically denied any knowledge that the copy of the information which she forwarded to plaintiff differed in any respect from the actual records on file in her office, but she stated that she did not make a copy of the document that she forwarded to plaintiff. She further averred that there was no Xerox machine available in the Ralls County circuit court clerk's office in 1967, and that copies of documents had to be typed. Consequently,

she asserted that if there was any variance between the wording of the original information on file and the language of the copy sent to plaintiff, it was due to an error in typing the copy sent to plaintiff.

J. L. Gingry executed an affidavit which corroborated the sworn statement of defendant Ross.

Defendant Briscoe's affidavit was to the effect that he had no personal knowledge of the trial of Donnie Ray McCormick, inasmuch as he was not appointed prosecuting attorney of Ralls County until on or after April 1, 1972, which was several years after plaintiff had been tried.

The gist of defendant Millan's affidavit is that he prepared the original and amended informations; that the plaintiff was tried on the amended information; that based upon his knowledge and information and the records, no change or alteration had been made in the original or amended information; and that if the copy received by plaintiff did not contain the alleged omitted phrase in controversy, it was the result of inadvertence and error on the part of the person who typed the copy.

Affiant Scott stated that an information was filed on May 10, 1966, in his office. A copy of that information was attached to Scott's affidavit, and it is identical to the information set out above. He further stated that "at no time was the information or any of the other papers contained in the case of State of Missouri v. Donnie Ray McCormick tampered with, changed or molested in any respect by James Millan, Frances G. Ross, John Briscoe, or any other person * * * while said papers were in my possession as clerk of the circuit court of Pike County, Missouri."

After examining all the files and documents, Judge Nangle, of the United States District Court for the Eastern District of Missouri, granted the motion for summary judgment and filed a supporting memorandum opinion. Judge Nangle reasoned that the plaintiff's complaint and affidavit completely failed to give any factual reason for casting doubt on defendants' assertion that the alleged deletion in the copy sent to plaintiff resulted from a scrivener's error, and that his mere factually unsupported denial was insufficient to raise a genuine issue of fact.

Plaintiff McCormick has appealed from the action of the district court in granting summary judgment for defendants.

The crux of the controversy before us is whether plaintiff's complaint and supporting affidavit are sufficient, in light of the affidavits filed by the defendants, by the deputy clerk of Ralls County, and the circuit court clerk of Pike County to create a genuine issue of fact. We are convinced that the plaintiff's complaint and supporting affidavit are wholly insufficient to present any issue which would require a trial.

■ It is settled law that when a party seeks summary judgment and makes out a convincing showing that genuine issues of fact are lacking, the adversary is required to adequately demonstrate by receivable facts that a real, not a formal, controversy exists in order to defeat the motion for summary judgment. Fed.R.Civ.P. 56(e); DeBardeleben v. Cummins, 453 F.2d 320 (5th Cir. 1972); Bruce Construction Corp. v. United States, 242 F.2d 873 (5th Cir. 1957); 6 Moore's Fed.Prac. ¶ 56.11 [3].

A study of plaintiff's complaint, supporting affidavit, and briefs reveals that plaintiff specifically pleads and avers that he has a copy of an information charging him with murder which is worded differently from the information in the Ralls County circuit clerk's files. Based upon this discrepancy in wording, plaintiff makes conclusory and conjectural allegations, without asserting the existence of any factual basis therefor, that the differences in wording came about through some conspiracy by the defendants to alter the original information in the circuit clerk's files.

■ Assuming for purposes of this appeal that the copy of the information which plaintiff received from the clerk of the circuit court of Ralls County did not contain the phrase bracketed in the quotation above, this is not sufficient in the face of the undisputed affidavits of the defendants, deputy clerk Gingry, and clerk Scott to warrant a recovery of damages under the civil rights statute or to preclude a grant of summary judgment for defendants. *See* 6 Moore's Fed.Prac. ¶ 56.22 [1].

The judgment is affirmed.