**In re SOUTHWESTERN BELL TELEPHONE COMPANY MATERNITY BENEFITS LITIGATION.**

Constance J. PAGE, Barbara L. Wilson, Velma Fussell, Lillie R. English, Linda Redden, Diane Travis, Mildred Shackelford, Susan K. Conners, Mary M. Hughes, Donna Lee McNulty, Veronica Piedra, Cecilia A. Magias, Belinda Garcia, for themselves individually and on behalf of all similar female nonsupervisory employees of Southwestern Bell Telephone Company, Appellants,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, a Missouri Corporation, Appellee.

COMMUNICATION WORKERS OF AMERICA, AFL–CIO, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, a Missouri Corporation, Appellee.

Nos. 78–1566, 78–1602.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1979.

Decided Aug. 2, 1979.

As Modified on Denial of Rehearing Aug. 30, 1979.

Louis Gilden, St. Louis, Mo., argued and on brief, for appellant Page et al.

John C. Garavaglia, Raskas, Ruthmeyer, Pomerantz & Wynne, St. Louis, Mo. (argued), and Jerome F. Raskas, St. Louis, Mo., on brief, for appellant Communication Workers.

Leo E. Eikhoff, Jr., Southwestern Bell, Legal Dept., St. Louis, Mo. (argued), Jack C. Lorenz, John D. Rahoy, James A. Daugherty, Thad Hollie, Jr., St. Louis, Mo., on brief, for appellee.

Before LAY, BRIGHT, and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Appellants in these class actions [1] allege that the Southwestern Bell Telephone Company (Bell) discriminates against women by denying female employees on maternity leave disability benefits, refusing to extend full seniority credit to female employees on maternity leave, and operating a mandatory maternity leave program, in violation of

---

1. The Judicial Panel on Multidistrict Litigation (Panel) by order consolidated the various actions for coordinated pretrial proceedings. Communication Workers of America, AFL–CIO (CWA), together with various local union officials and members filed the original action, *Communication Workers of America v. Southwestern Bell*, No. 74–315, on April 30, 1974, in the United States District Court for the Eastern District of Missouri. One month later, *Redden v. Southwestern Bell*, No. 74–391, was filed with the same court. In September 1975, the Panel transferred *Shackelford v. Southwestern Bell*, No. 75–823, from the Western District of Oklahoma, and *Conners v. Southwestern Bell*, No. 75–824, from the Eastern District of Missouri, to the Eastern District of Missouri for consolidation with the *Communication Workers* and *Redden* cases. On November 25, 1975, the parties stipulated to try the four cases as class actions. In June 1977, the Panel transferred *McNulty v. Southwestern Bell*, No. 77–769, from the Western District of Missouri, and, in December 1977, also transferred *Piedra v. Southwestern Bell*, No. 77–1337, from the Western District of Texas to the Eastern District of Missouri.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1976). The district court held that the Bell policies at issue did not unlawfully discriminate against female employees in violation of Title VII and sustained Bell's motions for summary judgment.

On appeal appellants contend that:

1) the district court erred in finding that Bell's practice of providing benefits to employees on disability leave but not offering similar benefits to employees on maternity leave does not unlawfully discriminate against Bell's female employees;

2) the district court erred in determining that Bell's seniority policy does not unlawfully discriminate against females on maternity leave;

3) the district court erred in finding that Bell does not operate an unlawful mandatory maternity leave program;

4) the district court erred in granting Bell ·summary judgment because of the existence of genuine issues of material fact relating to the discriminatory effect of Bell's benefit, seniority, and maternity leave policies; and

5) the district court erred in denying appellants attorney's fees.

Upon review of the record, we affirm in part and reverse in part.

In its opinion, the district court relates the factual background necessary to an understanding of the issues presented on this appeal. *Communication Workers of America, AFL–CIO v. Southwestern Bell Telephone Co.*, 455 F.Supp. 182 (E.D.Mo. 1978). We simply observe that, between 1974 and 1977, the Communication Workers of America and several female employees of Bell filed six separate actions against Bell, *see* note 1 *supra*, alleging essentially that Bell maintained policies, practices, and customs which discriminated against women.[2]

Pending trial of these actions, the Supreme Court addressed various sex discrimination issues similar to those presented by the instant cases in *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). Subsequently, the Court decided *Nashville Gas Co. v. Satty*, 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977), a case concerned with alleged sex discrimination in an employer's procedures for determining seniority status.

After the Supreme Court's disposition of those cases, Bell filed motions for summary judgment claiming that its policies at issue did not unlawfully discriminate against female employees on account of sex. Bell also contended that none of the actions were properly maintainable as class actions. Appellants moved for summary judgment on the seniority issue. In a comprehensive opinion the district court granted Bell summary judgment on the benefits, seniority, and leave issues. *Communication Workers of America v. Southwestern Bell Telephone Co., supra.* The court rejected Bell's contention that the actions could not be maintained as class actions and also denied appellants' motion for summary judgment on the seniority issue. Upon the court's certification that "there is no just reason for delay," the district court directed entry of judgment in the consolidated cases, and its order became final and appealable pursuant to Fed.R.Civ.P. 54(b).[3]

We have carefully examined the record and, except for the district court's treatment of Bell's reemployment policy following maternity leaves, agree with the district court's decision that appellants have not demonstrated that a real controversy exists concerning the meaning or operation of the Bell programs. With the exception of the maternity leave policy, appellants have not "set forth specific facts showing that there

---

**2.** The complainants filed individual charges with the Equal Employment Opportunity Commission (EEOC), contending that Bell violated 42 U.S.C. § 2000e *et seq.* Having failed to reach conciliation in each case, the EEOC sent the respective complainants "right to sue" letters.

**3.** The district court's order neither disposes of nor affects certain other claims brought in the consolidated actions. *Communication Workers of America v. Southwestern Bell Tel. Co., supra*, 455 F.Supp. at 192.

is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See McCormick v. Ross*, 506 F.2d 1205, 1208 (8th Cir. 1974).

■ The district court relied on *General Electric Co. v. Gilbert, supra,* in denying appellants' claims that Bell unlawfully discriminates against women by refusing to extend to females on leave due to pregnancy benefits it gives to other employees who are disabled by reason of nonoccupational sickness or injury. In *Gilbert* the Supreme Court stated that the "exclusion of pregnancy from a disability-benefits plan providing general coverage is not a gender-based discrimination[.]" *General Electric Co. v. Gilbert, supra,* 429 U.S. at 136, 97 S.Ct. at 408. On the basis of the evidence presented to the district court, Bell's benefits policy appears similar to the disability insurance program upheld in *Gilbert.* In the instant case the district court held:

> [W]here the text of the Benefits Plan is facially neutral and where an affidavit filed with the Court reveals that the Benefits Plan has no discriminatory effect on female employees, summary judgment will issue: (1) That Title VII does not require Southwestern Bell to provide disability benefits to female employees leaving work for reason of normal pregnancy and childbirth; and (2) that Southwestern Bell does not unlawfully discriminate against female employees on account of sex in violation of Title VII by failing to include in its Benefits Plan disability benefits for female employees absent from work because of normal pregnancy and childbirth. [*Communication Workers of America v. Southwestern Bell, supra,* 455 F.Supp. at 190.]

■ Appellants further contend that in granting employees on disability leave full seniority credit for the period of their absence, while granting female employees on maternity leave a maximum of thirty days' service credit,[4] Bell deprives such female employees of the ability to compete equally with other employees for employment benefits which are based on accumulated seniority.

The district court, in deciding that Bell's seniority policy did not unlawfully discriminate against women, distinguished the circumstances in the instant case from those presented in *Nashville Gas Co. v. Satty, supra.* The district court observed:

> [In *Satty*] the Supreme Court held that the employer's policy of denying accumulated seniority to female employees returning from pregnancy leave constituted an unlawful employment practice in violation of § 703(a)(2) of Title VII, 42 U.S.C. § 2000e–2(a)(2). *Nashville Gas Co. v. Satty, supra,* at 139, 98 S.Ct. at 350. The employer's policy consisted of requiring pregnant employees to take a formal leave of absence, the loss of all accumulated seniority, and permanent reemployment upon return from the leave only if no other employee working for the company applies for the position available. *Nashville Gas Co. v. Satty, supra,* at 137, 98 S.Ct. at 349. [*Communication Workers of America v. Southwestern Bell, supra,* 455 F.Supp. at 190.]

Here, the record shows that Bell, unlike the employer in *Satty,* does not divest employees on maternity leave of seniority accumulated prior to taking leave. Moreover, Bell does grant some seniority credit to women on maternity leave, presumably to cover the period of childbirth and recovery.[5] We cannot say that Bell's policy of granting female employees on maternity leave up to the former maximum of thirty days or the present maximum of forty-two days seniority for the period of their absence consti-

---

4. Prior to August 7, 1977, Bell limited seniority credit granted to employees on maternity leave to a thirty-day maximum. Pursuant to a maternity payment plan entered into by the CWA and Bell, effective August 7, 1977, a female employee may accrue up to six weeks of seniority credit during maternity leave.

5. Appellants do not specifically attack the seniority credit maximum (*see* note 4 *supra*) granted to female employees on maternity leave as unreasonable. They simply assert that any amount less than the up to fifty-two weeks of seniority accrued by employees on disability leave due to illness or accident is discriminatory.

tutes a burden on women that "deprive[s] them of employment opportunities because of their different role." *Nashville Gas Co. v. Satty, supra,* 434 U.S. at 142, 98 S.Ct. at 351.

Also with respect to the leave policy, appellants claim that Bell forces female employees to take leaves of absence for pregnancy and dictates the commencement date and duration of such leaves. Additionally, appellants allege that such maternity leave policy deprives female employees of employment opportunities because employees returning from maternity leave face difficulties and adverse consequences that employees returning from disability leave otherwise covered by the benefits plan need not confront.

■ The record demonstrates that Bell does not force maternity leave on its pregnant employees who are willing and physically able to work. Moreover, the pregnant employees decide the timing of the leaves. But Bell's policy of denying female employees returning from maternity leave guaranteed reinstatement to job positions held prior to the leaves may serve to deprive them of employment opportunities and adversely affect their status as employees, in violation of 42 U.S.C. § 2000e–2(a)(2).[6]

On its face Bell's leave policy relating to reinstatement appears to be neutral in its treatment of male and female employees. An employee returning from disability leave—leave for nonoccupational illness or injury other than pregnancy—whether male or female, is guaranteed reinstatement to the job position held prior to the leave. Employees returning from leaves of absence, including maternity leaves, must apply for reinstatement, must await a job vacancy, face the possibility of reemployment in a different, perhaps less preferred, job, and may lose employment altogether.[7]

Although Bell treats all leaves of absence, including maternity leave, returnees the same, and similarly does not discriminate *among* disability leave returnees, Bell's reemployment policy treats female employees returning from maternity leave less favorably than employees back from disability leave. Such a policy impermissibly deprives female employees of employment opportunities because of their different role. *See Nashville Gas Co. v. Satty, supra,* 434 U.S. at 142, 98 S.Ct. 347.

Working women who bear children undergo some period of physical disability immediately prior to delivery, during childbirth, and during recovery. Bell and the Union appear to have recognized this period of probable physical disability in their collective bargaining agreement, by providing for the accrual of up to six weeks' seniority for female employees during maternity leave. Notwithstanding this practice of granting limited seniority to women on leave due to pregnancy, Bell's maternity leave policy violates Title VII. By failing to guarantee reinstatement to the female employee who seeks to bear children and returns to work immediately after the actual physical pregnancy-related disability, Bell's policy adversely affects the status of its female employees because of their sex. 42 U.S.C. § 2000e–2(a)(2).

Although the record supports the district court's finding that Bell does not operate an unlawfully discriminatory forced maternity leave program, it establishes that Bell's reemployment program discriminates against women physically disabled because of pregnancy.

Accordingly, we affirm the district court's judgment dismissing claims that relate to Bell's benefits program and seniority policy as applied to women. However, we reverse the court's order of summary judg-

---

6. 42 U.S.C. § 2000e–2(a)(2) declares it to be an unlawful employment practice for an employer to limit, segregate, or classify his employees * * * in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's * * * sex[.]

7. Bell attempts to place female employees returning from maternity leave in the "same or similar job position," but admits that such employees may be terminated if no job openings are available.

ment as it relates to Bell's reinstatement policy applied to women who take leaves for physical disability related to pregnancy. We remand that issue to the district court for further consideration.[8] We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.[9]

---

8. We decide only that Bell is not entitled to a summary judgment on this issue. The merits of the issue remain for decision by the district court after hearing all relevant evidence on this disputed matter.

9. We award Louis Gilden, as attorney for the class members, $2,500 in attorney's fees on this appeal. This amount constitutes a reasonable fee, taking into account the nature of the litigation as well as appellant's limited success in this proceeding.