Col. Theodis BROWN, Appellant,

v.

HERALD CO., INC., a New York Corporation, d/b/a Globe Democrat Publishing Co., Appellee.

No. 82–2164.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 31, 1983.

Decided Feb. 3, 1983.

Rehearing and Rehearing En Banc Denied Feb. 24, 1983.

---

**950**

Colonel Theodis Brown, pro se.

Before HEANEY, McMILLIAN and AR-
NOLD, Circuit Judges.

PER CURIAM.

Appellant Theodis Brown filed suit on April 29, 1982, against the Globe Democrat. His complaint incorporated an article printed in the Globe on July 31, 1980, and alleged that the article was false and defamatory. The district court [1] denied Brown's motion for summary judgment and the Globe's motion to dismiss. Later, the district court granted the Globe's motion for summary judgment. Brown appeals both the denial of his motion for summary judgment and the grant of the Globe's motion for summary judgment.

The article concerns Brown's candidacy for St. Louis County sheriff in 1980. Brown's primary charge is that the Globe maliciously and recklessly printed false statements about his record as a St. Louis City police officer.[2] The article stated in part:

> Although Brown claims to have had an exemplary record as a St. Louis and Kinloch police officer, his record in St. Louis shows otherwise.
>
> Police records show that Brown was commissioned by the city police department in 1970 and was dismissed by the police board in 1976 after he had received six official department reprimands for activities ranging from failure to patrol his beat to failure to answer an alarm.
>
> Brown was dismissed, records show, after a woman claimed Brown harassed her, after a man claimed in 1975 that Brown unjustly arrested him, threatened him and then filed a false police report, and after a woman claimed in 1975 that Brown had failed to file police reports on two incidents.

Brown's police personnel file is not part of the record. Brown apparently does not

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

2. Brown also challenges the accuracy of several other statements in the story. For example, the article quoted Brown as saying he was the "logical choice" for sheriff. However, Brown made this statement in answer to a Globe questionnaire. Other allegations of falsehood also

are attributable to Brown's questionnaire answers. Complaint at 2, allegations (a), (c), and (d). First, these statements can hardly be characterized as defamatory. Second, there is no evidence that the statements were not made by Brown and that the Globe acted in malicious or reckless disregard of the truth in quoting Brown's statements.

argue that the file never contained the complaints. His argument seems to be that (1) the file also contained records of a lawsuit Brown filed against the police force which should have raised doubts about the accuracy of the files, (2) the file also contained records indicating that Brown was an excellent policeman, which should have raised doubts about the truthfulness of the uncomplimentary records, and (3) the complaints had been expunged from the file. Aside from the multitude of unsupported conclusions and assertions concerning the Globe's racism, its affiliation with the Ku Klux Klan, and its malice towards him, the only evidence Brown produced was a collection of newspaper clippings concerning his successes as a police officer.

The Globe responded with arguments that (1) the statements were contained in the police personnel file and were not false and (2) if they were false, the Globe did not act recklessly or knowingly.

In an affidavit, William Poe, the reporter who wrote the article, stated that he read Brown's police personnel file, which contained disciplinary reports and complaints. Poe averred that he believed the statements in the article to be true and had no serious doubts as to their truthfulness.

A libel action may properly be decided on a motion for summary judgment. *Treutler v. Meredith Corp.,* 455 F.2d 255, 257 (8th Cir.1972); *Bon Air Hotel, Inc. v. Time, Inc.,* 426 F.2d 858, 865 (5th Cir.1970). In deciding such a motion, the trial court must determine whether there is any genuine issue in dispute, and the record must be viewed in the light most favorable to the nonmoving party. However, once the party seeking summary judgment makes a convincing showing that genuine issues of material fact are lacking, "the adversary is required to adequately demonstrate by receivable facts that a real, not a formal, controversy exists." *McCormick v. Ross,* 506 F.2d 1205, 1208 (8th Cir.1974) (per curiam).

When a plaintiff in a libel suit is a public figure, he or she must allege and prove with "convincing clarity" that the libelous statement was made by a defendant with "actual malice." *Monitor Patriot Co. v. Roy,* 401 U.S. 265, 270, 91 S.Ct. 621, 624, 28 L.Ed.2d 35 (1971); *New York Times Co. v. Sullivan,* 376 U.S. 254, 285–86, 84 S.Ct. 710, 728–729, 11 L.Ed.2d 686 (1964). It is clear that Brown was a public figure at the time the article was published because he was running for public office. *Monitor Patriot Co. v. Roy,* 401 U.S. at 271, 91 S.Ct. at 625.

The affidavit submitted by Poe established that the police personnel file did contain disciplinary reports and complaints. Brown submitted no evidentiary material contradicting this statement; the contrary allegations in his complaint are insufficient to raise a question of fact. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159–61, 90 S.Ct. 1598, 1609–1610, 26 L.Ed.2d 142 (1970); *McCormick v. Ross,* 506 F.2d at 1208; Fed.R.Civ.P. 56 advisory committee note (1963 amendment to subdiv. (e)). Brown's allegations that his police personnel file also included complimentary material which should have "raised doubts" in Poe's mind about the truth of the negative reports do not reach the level of malice required by *New York Times.* Even assuming that the Globe was aware that at times Brown did do a good job, that is not inconsistent with the fact that there had also been complaints and charges of neglect of duty. There is nothing in the record on which a finding of actual malice could be based.

In his brief, Brown has argued that the Globe has conspired with various other groups and individuals to deprive him of his rights. Those allegations are not contained in Brown's complaint against the Globe, and we will not consider them.

The judgment of the district court is affirmed.