**In re NEPSCO, INC., Debtor.**

**Robert S. LINGLEY, Esquire, Trustee, Plaintiff,**

v.

**CONTRACTORS GROUP, INC., Defendant.**

**Consolidated International, Inc., Third-Party Defendant.**

**Bankruptcy No. 183–00253.
Adv. No. 184–0078.**

United States Bankruptcy Court, D. Maine.

Dec. 3, 1985.

Robert S. Lingley, Bangor, Me., trustee.

Daniel Amory, Drummond, Woodsum, Plimpton & MacMahon, Portland, Me., for trustee.

George J. Marcus, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for Contractors Group, Inc.

Frank A. Crosson, Richmond, Rosen, Crosson & Resnek, Boston, Mass., Gerald Cope, Cope, Cope & Carlisle, Portland, Me., for Consolidated International.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On September 30, 1983, the debtor filed in this Court a Chapter 7 petition. At the time of filing, the debtor was allegedly owed the sum of $7,250.00 by Contractors Group, Inc. (CGI) for goods and services provided by the debtor. On November 28, 1983, Consolidated International, Inc. (CII) purchased all of the debtor's accounts receivable from the trustee of the debtor's estate, including the alleged claim of the debtor against CGI. On April 23, 1984, the trustee filed a complaint under 11 U.S.C. § 547 against CGI, seeking recovery of preferential transfers allegedly made by the debtor to CGI in the amount of $6,221.56. CII was made part of this adversary proceeding by CGI's filing a third-party complaint. The trustee has filed a motion for partial summary judgment, requesting that the Court enter judgment in favor of the trustee and against CGI in the amount of $6,221.56, plus interest and costs. In addition to the parties filing legal memoranda, the trustee and CGI, by and through counsel, filed a joint stipulation of facts setting forth two issues:

(1) whether the $6,221.56 received by Contractors Group is an avoidable preference; and

(2) if Contractors Group has received a preference, whether it must pay $6,221.56 to the trustee despite its potential obligation to pay CII a sum equal to or in excess of $7,250.00 on

account of an alleged, outstanding pre-filing obligation to the debtor.

Joint Stipulation of Facts at 3.[1]

CGI concedes that the trustee has met his burden of proof on all the elements necessary to recover a preferential transfer,[2] except for 11 U.S.C. § 547(b)(5), which provides that the trustee may avoid a transfer of the debtor's interest in property

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(b) the transfer had not been made; and

(c) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b)(5).

CGI maintains that had it not received the alleged preferential transfers, CGI would have had the right to setoff the amount it owed the debtor against the amount the debtor allegedly owed CGI under 11 U.S.C. § 553. Because the debt owed by CGI to the debtor exceeded the debt allegedly owed by the debtor to CGI, CGI would have been a secured creditor under 11 U.S.C. § 506(a) and would have been entitled to the full amount of its claim against the debtor had the transfers not been made.

The trustee counters CGI's argument on two grounds. The trustee claims that as a result of the preferential transfers, CGI

---

1. This memorandum of decision constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.

2. Section 547(b) of the Code provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

CGI concedes that it has no defenses under 11 U.S.C. § 547(c) to the trustee's preference action.

had no claim against the debtor's estate at the time of the filing of the Chapter 7 petition and therefore had no claim which would be the subject of a setoff under 11 U.S.C. § 553. Under 11 U.S.C. § 502(d), any right of setoff does not arise until full payment is made to the trustee in the preference action. Moreover, although CGI may have been entitled to a genuine right of setoff prior to the filing of the debtor's petition, CGI failed to exercise that right or otherwise failed to plead the right of setoff as an affirmative defense against the trustee's original complaint. Having waived the actual right of setoff, CGI should not now be allowed to rely upon a hypothetical right of setoff under 11 U.S.C. § 547(b)(5).

The trustee apparently presumes that CGI is now seeking to exercise a right of setoff under 11 U.S.C. § 553. The trustee's presumption, however, is incorrect. The sole issue is whether CGI, in receiving the pre-filing payments from the debtor, received more than it would have received had the payments not been made as required by 11 U.S.C. § 547(b)(5). Section 553 is relevant only to the extent that this Court must determine what CGI would have been entitled to had the alleged preferential transfers not been made. Section 553(a) of the Code states:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case[.]

11 U.S.C. § 553(a).

The "mutuality test" under 11 U.S.C. § 553(a) means that the creditor is indebted to the debtor and the debtor owes a debt to the creditor at the time the payments were made.

Had the debtor in this case not paid CGI the $6,221.56 prior to the filing of the Chapter 7 petition, CGI would have been entitled to a right of setoff under 11 U.S.C.

§ 553(a). Section 506(a) of the Code provides that the Code provides that

(a) [a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim.

11 U.S.C. § 506(a).

At the time the payments were made, CGI would have had a secured claim upon which it would have been entitled to full payment under 11 U.S.C. § 506(a).

■ Since the issue under 11 U.S.C. § 547(b)(5) is whether the transfers to CGI entitled CGI to receive more than it would have received had the payments not been made, the fact that CGI, either prior to the filing of the Chapter 7 petition or in response to the trustee's original complaint, failed to affirmatively exercise or plead any right of setoff it may have had is of no consequence. CGI is not now seeking to exercise a right of setoff. CGI only contends that at the time of payment, it would have been entitled to a right of setoff had the payments not been made and therefore would have had a secured claim under 11 U.S.C. § 506(a) upon which CGI would have been entitled to full payment.

■ The Court finds that the trustee has failed to satisfy his burden of proof under 11 U.S.C. § 547(b)(5) that CGI, in receiving the $6,221.56 from the debtor prior to the filing of the petition, received more than it would have received had the transfers not been made. The trustee's motion for partial summary judgment, requesting that the Court enter judgment in favor of the trustee and against CGI in the amount of

$6,221.56, plus interest and costs, is denied.[3]

Enter Order.

---

**3.** The Court makes no determination at this time of the liability, if any, of CGI to CII. The Court notes that CII has filed a cross-claim against CGI, seeking payment upon its claim. A

further pretrial hearing shall be scheduled on this cross-claim at an appropriate time.