In re **TRANSOCEAN CONTRACTORS, INC.,** Debtor.

**Christine A. MARCH, Trustee, Plaintiff,**

v.

**ESSEX CRANE RENTAL CORPORATION,**
Defendant.

**Bankruptcy No. 484–00083–LO–7.
Adv. No. 485–0244.**

United States Bankruptcy Court,
W.D. Louisiana.

April 10, 1986.

Wayne A. Shullaw, Broadhurst, Brook, Mangham & Hardy, Lafayette, La., for trustee.

Mary Fullington, Camp Carmouche, Barsh, Hunter, Gray, Hoffman & Gill, Lake Charles, La., for Essex Crane Rental.

RODNEY BERNARD, Jr., Bankruptcy Judge.

### Reasons for Judgment

This matter is before the court on a motion for summary judgment filed by the trustee-plaintiff. This adversary proceeding is an action to avoid an allegedly preferential transfer, pursuant to section 547 of the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*)

A motion for summary judgment may be granted where there exists no material issue of fact, and the mover is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. The purpose of a motion for summary judgment is to "test the intrinsic merits of the case and to determine prior to trial whether the parties have a real basis for relief or defense." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869 (5th Cir.1978). The court does not try issues of fact or weigh evidence, but only determines whether there are issues of fact for trial. *Staren v. American National Bank & Trust Co.*, 529 F.2d 1257 (7th Cir.1976); *EEOC v. May & Co.*, 572 F.Supp. 536 (N.D.Ga.1983). In ruling on a motion for summary judgment, the court must also determine whether the parties have met their burdens of proof in showing that there are not factual issues for trial. Initially, the mover clearly bears the burden of showing that no real factual controversy exists. However, after the mover makes a convincing showing, the party opposing the motion must produce proper evidence showing that a real dispute exists. *McCormick v. Ross*, 506 F.2d 1205 (8th Cir.1974). The defending party must do more than make a general denial. *Golden Oil Co. v. Exxon*, 543 F.2d 548 (5th Cir. 1976); *Lesnefsky v. Fischer & Porter Co.*, 527 F.Supp. 951 (E.D.Pa.1981); *In re Wright*, 19 B.R. 271 (Bankr.D.Mass.1982).

In this case, the parties concede that all the elements of a preferential transfer are present, with one exception. The defendant, Essex Crane Rental Corporation, [Essex], contends that the requirement contained in section 547(b)(5) has not been met. Section 547(b)(5) is the heart of the Bankruptcy Code's preference provision, providing that a transfer is only avoidable if it enabled the transferee to receive more than he would have in a Chapter 7 liquidation had the transfer not been made. In other words, the creditor must have been "preferred" over other creditors of the same class. For purposes of this motion, the court's inquiry will be limited to whether that element has been shown to exist as a matter of law, or whether there is a material issue of fact for trial.

In this case, Essex argues that there is a material issue of fact for trial. That argument is based on section 547(b)(5) and the assertion that had Essex not received the payments at issue here, it could have acquired materialmen's lien rights pursuant to La.R.S. 9:4821. Had such a lien been acquired, Essex argues, it would have been fully secured, and thus would not have been preferred, i.e., would not have received more than in a Chapter 7 liquidation.

First, this court finds this issue to be one of law, not one of fact. Essex declares that had these transfers not occurred, it would have had a particular legal status. Since that requires interpretation of law, rather than of fact, this matter may be properly decided on a motion for summary judgment. Having so characterized this issue, the court will treat this matter as it would cross-motions for summary judgment.

To reiterate, Essex claims that had the payments in question not been made, it would have filed liens pursuant to La.R.S. 9:4821. Thus it would have had secured status. [As an aside, the court notes that although the record reveals no property to which such a lien could attach to provide any security, counsel for the trustee has not raised this issue]. It is clear that a creditor who is fully secured cannot be "preferred", because he will receive the value of his claim, regardless of whether he receives cash before bankruptcy, or his collateral after bankruptcy. That is the basis of Essex' claim that section 547(b)(5) has not been met. Essex, however, overlooks one very important fact. Under sec-

tion 547, the trustee can avoid the transfer of any interest in property—including a lien. Had a lien been perfected at the same time that these transfers were made, or after that time, such lien would have been perfected within ninety (90) days of bankruptcy, and would also be subject to avoidance by the trustee. Therefore, Essex' argument that it would have been secured by a lien had the transfers not been made fails because the lien, too, would have been avoidable. The defendants hypothetical security would have failed in any case, leaving Essex unsecured, and enabling the trustee to show that the requirement of section 547(b)(5) has been met.

Defendant cites *Lingley v. Contractors Group (In re NEPSCO, Inc.),* 55 B.R. 574 (Bankr.D.Me.1985) in support of the above argument. In that case, the court accepted a similar argument. This court would question the *NEPSCO* decision in any case. Even assuming *NEPSCO* 's correctness, there is an important distinction between that decision and this case. *NEPSCO* dealt with a right to set off. The defendant in *NEPSCO* argued that had the transfer not been made, it would have had a right to set off, making it fully secured. The key difference is that a right of set off is independent of section 547, and is not subject to avoidance under that section.

Under section 506, a right to set off is the equivalent of an existing lien. As stated by the court in *In re Pottier & Stymus Co.,* 262 Fed. 955 (2d Cir.1919), "a set-off may be described as a sort of lawful preference." *See also* 4 *Collier on Bankruptcy* ¶ 553.02 (15th ed. 1985). It is significant that it was the *right* to set off which the court found would have secured the defendant's claim in *NEPSCO,* not the exercise of that right. Such exercise is subject to limited avoidance under section 553.

By reason of the foregoing, it can be seen that the trustee's burden of making a threshold showing of all the elements of a preference has been met. The defendant has failed to raise a genuine issue of material fact for trial. The defendant has not established that it was, or could have been secured, because such a lien would itself have been preferential. Thus, there being no material issue of fact for trial, and this court having found that no valid security could, or did, exist, the trustee's motion will be granted.

The defendant also raises the "ordinary course of business" exception to section 547, found in section 547(c)(2). The petition in this case was filed on January 26, 1984, before the effective date of the 1984 amendments to the Bankruptcy Code. Under the prior version of section 547(c)(2), effective in this case, a payment had to be made no later than forty-five (45) days after the debt was incurred. Defendant admits that the payments in question were made some six months after they became due. Clearly this case does not fall within the ordinary course of business exception as it existed before amendment. There existing no material issue of fact for trial, judgment will be granted for the plaintiff on this issue.

### Conclusion

By reason of the foregoing, summary judgment is hereby granted in favor of the plaintiff-trustee. A judgment consistent with this opinion will be signed upon submission.