REDMANN, Judge.
Plaintiff appeals from a judgment dismissing his suit against Biehl & Company, Inc. (“Biehl”) on an exception of prescription based on the ground that it was not instituted within the six-month period provided by the passage contract between plaintiff and Societá Italiana di Armamento (“Sidarma”) which Biehl issued to plaintiff as agent for Sidarma.
Biehl also appeals from the dismissal of its third-party demand against Sidarma on a similar prescription exception.
Plaintiff’s petition alleges that Sidarma authorized Biehl to provide him passage from New Orleans to an Italian port on a May 10, 1963 sailing at a reduced rate (a courtesy afforded him as a former officer of the Italian navy and merchant marine), subject to available space; that on the sailing date he was provided and paid for a ticket at the reduced rate and boarded the vessel; that prior to the vessel’s sailing he was obliged by its captain to leave the ship, being told without further explanation his passage was cancelled on instructions of Biehl. Plaintiff further alleges that in fact space was available, and itemizes damages “arising ex contractu and *554 ex delicto” he claims he suffered as a result of Biehl’s actions.
This court has previously considered this case on appeal from a judgment maintaining an exception to the jurisdiction; Calzavara v. Biehl & Co., Inc., 181 So.2d 809 (1966). On that occasion we declined to rule on the exception of prescription, as requested by defendant in answering that appeal, because of the right of the parties to offer evidence relative to prescription. However, no further evidence was presented' to the trial court, and the question is whether the grounds of the exception appear from the petition and its exhibits; LSA-C.C.P. art. 931.
The petition attaches the contract, in Italian, printed on the reverse of the passenger’s ticket. Biehl in trial brief supplied a translation of its pertinent part, which plaintiff in brief does not take specific exception to, and appears to accept as substantially correct. Thus we accept that the parties agree the contract provides
“ * * * no action against the Company or its agents, in connection with the transportation contract, and particularly with injury to passenger, loss, damage or average to the baggage or to personal property of the passenger, shall be sustained in Court of Law, unless commenced within six months * * [1]
Plaintiff agrees suit was not instituted within the six-month period provided, but insists its filing within a year of the incident was timely.
Contractual stipulations between a carrier by water and a passenger limiting reasonable time within which to give notice or bring action are enforceable; The Majestic, 30 F.2d 822 (D.C.S.D.N.Y.1928); Fox v. American Export Lines (N.Y.S. Ct.), 1958 A.M.C. 416; Wages v. Holland-America Line (N.Y.Mun.Ct.), 191 N.Y.S.2d 203; see 80 C.J.S. Shipping § 195c; although 46 U.S.C.A. § 183b(a) sets a minimum of one year for actions for “bodily injury”.
However, we believe the contractual language must be strictly construed against the Company and its agent, and the language here does not apply to the demand now before us; see Halpern v. American Export Lines, Inc. (N.Y.Mun.Ct.), 108 N.Y.S.2d 177.
Strictly construing defendants’ contract, in defendants’ translation, we conclude that the limitation does not purport to apply to every action in breach of contract and in tort, but applies “particularly” and only to (1) injury to the passenger and (2) loss, etc. to his baggage and effects, under the maxim of construction expressio unius.
“Injury to the passenger” cannot include financial injury, since to so interpret it would render the clause on loss, etc. of baggage superfluous; and it equally cannot include the out-of-pocket financial injury plaintiff asserts resulted from his being denied passage as contracted for. Nor do we construe it to include any other damages plaintiff may show attributable to Biehl’s having him denied passage; we believe this clause refers to injury or misfortune (“infortunio”) to the passenger’s person while the contract is being performed.
“Loss, etc. to baggage” obviously has no application.
Whatever action plaintiff may have against Biehl, the agent, either ex con-tractu for breach of any contractual obligations it owed to plaintiff, or ex delicto for unwarrantedly causing employees of Si-darma to refuse plaintiff passage is not prescribed by the contractual limitation.
*555 We assume the trial judge dismissed the third-party action simply because he dismissed the plaintiff’s action; in any case the third-party demand must now be reinstated. Whatever third-party action Biehl as agent may have against Sidarma, no basis is shown to hold that action governed by a contractual stipulation between Si-darma and plaintiff.
Accordingly the judgments maintaining exceptions of prescription filed by defendant Biehl to plaintiff’s petition, and that of third-party defendant Sidarma to Biehl’s third-party petition, are reversed. Costs of this appeal are to be paid by Biehl and Sidarma.
Reversed.

. The Italian reads, in part,
“Quaisiasi azione * * * inerente al contratto di trasportó e, in particolare, per infortunio al passagero; per per-dite, danni o avaria del bagaglia o delle cose appartenenti al passagero, dovrá * * * essere iniziata avanti l’Autoritá giudiziaria entro sei mesi * * *."