325 So.2d 848 (1976)
Michel T. BLOUIN
v.
LOYOLA UNIVERSITY et al.
No. 7188.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1976.
*849 Steven R. Plotkin and Theresa A. Tamburo, New Orleans, for plaintiff-appellee.
Denechaud & Denechaud, Thos. A. Rayer, New Orleans, for defendants-appellees.
Before SAMUEL, LEMMON and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiff brought this suit for damages against Loyola University and individual members of its Board of Directors on allegations that he had been employed as a teacher in 1966 and on May 19, 1969, received a letter of termination. The petition further alleges as follows:

"13.
The reasons given by the Board of Directors for petitioner's original dismissal was that he was a homosexual, made anti-Catholic remarks, made anti-Jesuit remarks, he frequented bars, and that he dealt in or used illegal drugs.

"14.
All of these allegations by the members of the Board of Directors, herein named defendants, in their individual capacity, amount to slander of petitioner's reputation and severely damaged petitioner's standing in the academic community."
He also alleges that he was a tenured teacher and that his discharge was violative of his constitutional rights. In response defendants filed exceptions of res judicata and prescription. After the case was submitted on brief and argument the *850 trial court overruled the exception of res judicata, maintained the exception of prescription insofar as the petition alleged an action based on libel and slander, but allowed plaintiff to amend his petition so as to state a cause of action for breach of contract. From that judgment, insofar as it maintained the exception of prescription, plaintiff has appealed.
The petition was not filed until January, 1975, so that on its face plaintiff's cause of action based upon defamation, libel or slander had prescribed by operation of LSA-C.C. Art. 3536. Since no evidence was offered as authorized by C. C.P. Art. 931 to show why the claim did not prescribe, there is no basis for our disturbing the judgment of the trial court maintaining the exception of prescription. See Tassin v. Allstate Insurance Company, La.App., 310 So.2d 680; Calzavara v. Biehl & Company, 220 So.2d 552 (La.App. 4th Cir. 1969).
On appeal plaintiff has invoked the doctrine of contra non valentem agere nulla currit prescriptio (prescription does not run against him who could not bring the suit). In support of his argument he relies on various documents which he has attached to the brief filed in this Court. Such exhibits are not evidence and form no part of the record on appeal. They cannot provide a basis for plaintiff to invoke the doctrine of contra non valentem so as to avoid the prescription of Art. 3536.
The doctrine of contra non valentem is an equitable exception to the law of prescription. The following guide to its application is found in Cartwright v. Chrysler Corporation, 255 La. 598, 232 So. 2d 285, 287:
"The rule that prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit, applies only when such ignorance is not wilful and does not result from negligence, and the doctrine has been limited to cases where the debtor has concealed the fact of the obligation or has committed other acts which tend to hinder, impede or prevent the creditor from ascertaining knowledge of the existence of the debt."
Plaintiff neither pleaded any facts nor offered any evidence tending to support the application of the doctrine in the trial court.
Much of plaintiff's argument in brief is devoted to the proposition that he was led to believe by the defendants that his grievances would be redressed on the administrative level through faculty committees and the like. He asserts that his belief was prompted by public statements made by various officers of the University and members of its Board of Directors. Aside from the fact that there is no evidence to support such a theory, even if there were, this would perhaps relate to plaintiff's suit based upon alleged breach of contract but could not be connected with his case based on the alleged defamation, libel or slander.
Accordingly, the judgment maintaining the exception of prescription with respect to plaintiff's cause of action for defamation, libel or slander is affirmed at plaintiff's cost.
Affirmed.