410 So.2d 355 (1982)
TIDEWATER, INC. and Lexington Insurance Company
v.
BALDWIN-LIMA HAMILTON CORPORATION, Lima Division, XYZ Insurance Company, Clark Equipment Company, ABC Insurance Company and Boyce Machinery Corporation.
No. 12482.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1982.
Edward D. Markle and S. Reed Morgan of Adams & Reese, New Orleans, for plaintiffs-appellants.
Robert E. Kerrigan, Jr. and Jerry T. Sewell, Deutsch, Kerrigan & Stiles, New Orleans, for defendant-appellee.
Before REDMANN, SCHOTT and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiffs, Tidewater, Inc. and Lexington Insurance Company, appeal the judgment sustaining the peremptory exception of prescription and dismissing their tort, redhibition, and contract claims against defendant, Boyce Machinery Corporation. We affirm.
On or about September 11, 1969 a 2000-C "Lima" crane was sold to Tidewater Marine Services, Inc. by Baldwin-Lima Hamilton Corporation, Lima Division, the manufacturer of the crane, through its local distributor, *356 Boyce Machinery Corporation ("Boyce"). The crane was shipped directly to American Marine Shipyards where it was installed on the LIFT TIDE, a ship being built by American Marine Shipyards for plaintiff, Tidewater.
In December, 1974, the crane was removed from the LIFT TIDE and attached to a dock on the Atchafalaya River. While attached to that dock, the crane failed on or about October 14, 1978, causing damage to the crane. Plaintiffs allege that the failure was due to manufacturing and/or design defects, causing damage to the crane itself and financial losses due to "down time" and "loss of use". Tidewater's insurer, Lexington Insurance Company, claims the sum of $27,922.35 under its subrogation rights for the costs of repairs to the crane, and Tidewater claims its insurance deductible of $10,000.00 together with $30,000.00 for alleged loss of use, down time and loss of profits.
On August 21, 1980 Tidewater and its insurer filed suit against Baldwin-Lima, the manufacturer of the deck crane, Boyce Machinery Corporation, the distributor of the deck crane, and their insurers alleging negligence, a redhibitory vice, and breach of contract. Defendant, Boyce Machinery Corporation, filed a peremptory exception of prescription to all claims and the District Court, after a hearing, rendered judgment maintaining the exception of prescription and dismissing, with prejudice, plaintiff's petition insofar as it applied to defendant, Boyce Machinery Corporation, from which judgment plaintiffs appealed.
On appeal appellant contends that its claim against Boyce is not prescribed under a contract theory of recovery nor is its cause of action prescribed under admiralty jurisdiction. Although appellants acknowledge that the subject crane was sold by Boyce to Tidewater for the sum of $196,454.22, with payment to be made upon delivery or approximately fifteen days after shipment and that other additional pieces of equipment were sold by Boyce to Tidewater as accessories to be used in connection with the operation of the crane, appellants contend that the transaction was not a contract of sale, subject to the usual redhibitory prescriptive period, but was a contract involving an obligation to inspect the crane after its installation, which would convert the transaction from a sale to a contract which must be controlled by a ten year prescriptive period under Article 3544 of the Louisiana Civil Code.
The record discloses that the crane and the accessory parts were shipped directly from the manufacturer's plant in Lima, Ohio to The American Marine Shipbuilding facility in New Orleans, that the crane was not shipped in one piece but had to be assembled on the ship which was then under construction, that the installation was made by the shipbuilder for the account of plaintiff and that Boyce inspected the equipment on September 29, 1970 to make certain the crane was in proper operating order and that plaintiff's employees were instructed in the proper operation and care of the crane that they had purchased. No claim is made in connection with the operation of the crane while it was attached to the vessel LIFT TIDE nor is any claim asserted that defendant Boyce had anything to do with removing the crane from LIFT TIDE in December of 1974 and attaching it to a dock on the Atchafalaya River on a facility operated by plaintiff although the record indicates that the manufacturer, Baldwin-Lima, was advised of the failure that took place on October 16, 1978 and that the manufacturer assisted in advising plaintiff how to proceed with the necessary repairs. Plaintiffs' Exhibit A introduced in the trial proceedings discloses that the manufacturer denied responsibility for the repairs and, on November 10, 1978, advised plaintiffs that the manufacturer would not accept any responsibility for the repairs even though the contention was made that the failure was caused by faulty welding that occurred when the crane was originally manufactured.
On appeal it appears that plaintiffs have abandoned their claim in redhibition under Article 2534 of the Louisiana Civil Code as this matter is not addressed in their *357 brief. Since the redhibition claim was asserted in the brief filed by appellant in the lower court we hold that the one year prescriptive period set forth in Article 2534 applies in this case since the original petition was filed some twenty-two months after the crane failed and approximately twenty-one months after plaintiffs were informed by the manufacturer that it would assume no responsibility for the repairs, and denied liability for same.
Redhibitory actions prescribe one year after the sale if the seller is in good faith. LSA-C.C. Article 2534. Redhibitory actions prescribe one year after the discovery of the vice if the seller was in bad faith. LSA-C.C. Article 2546. Under these articles suit must be brought within one year, at the latest, from the date of the discovery of the defects. Thus, any redhibitory action plaintiffs may have had against Boyce was prescribed prior to the filing of the suit.
The prescriptive period for tort actions is one year. LSA-C.C. Art. 3536. Since plaintiff had knowledge of the failure of the crane some twenty-two months prior to the filing of the suit any action in tort is void by the one year prescriptive period.
Plaintiffs' argument that their cause of action is governed by the ten year prescriptive period for an action based on a breach of contract is not supported by the record. Plaintiffs allude to a contract between Boyce and Tidewater, but no such contract is found in any of the documents included in the record. Appellants have attached exhibits to their brief which are not part of the trial court record and which cannot be considered by this Court. Blouin v. Loyola University, 325 So.2d 848 (La.App. 4th Cir. 1976). The only documentary evidence introduced on the trial of the pleas of prescription in the lower court involving defendant Boyce were various purchase orders and invoices between Tidewater and Boyce and the inspection certificate executed by one of Boyce's employees in connection with the inspection of the fully installed crane on September 29, 1970. We find that the only contract that existed between plaintiff and Boyce was a contract of sale between plaintiff as purchaser and Boyce as the local distributor in the sale of the crane to Tidewater. Although appellants cite cases in support of its contention that this sale should not be governed by the redhibition articles but was a furnish and install contract as in the cases cited by appellants, an examination of those cases indicates that they in no way support appellant's claim.
Although the subject crane may have been manufactured and assembled after the sale's transaction the documents indicate that Tidewater ordered a Lima 2000-C crane and certain accessories for which it was to pay Boyce upon delivery and there are no references to installation and assembly by Boyce or to any other contractual obligations. Although the manufacturer and distributor may have consulted with plaintiff and jointly participated in the drawing up of specifications for the crane ultimately sold by the distributor to plaintiff these actions do not change this transaction from a sales contract to an obligation to do or not to do. The mere fact that an obligor may be involved in the installation and delivery of the equipment will not change the characterization of the obligation from that of a sales contract and therefore the rules governing a sale will control. FMC Corp. v. Continental Grain Co., 355 So.2d 953 (La.App. 4th Cir. 1977). Thus, this case must be governed by the redhibition articles of the Civil Code and do not come under a contract theory of recovery.
Although appellants suggest that the case of Weathermasters Parts & Service, Inc. v. McCay, 242 So.2d 306 (La.App. 4th Cir. 1971), should be controlling, that case involved a suit based on a warranty given by the manufacturer, Trane, with the failure of the equipment taking place during the contractual warranty period. Judgment was rendered against the manufacturer-warrantor, under the specific terms of the warranty agreement. The only written obligation *358 presented by plaintiff is Baldwin-Lima's six month warranty that the crane was merchantable and free from defects in material and workmanship. This was not a contract between Boyce and Tidewater nor did the failure occur during the warranty period. Any obligations which existed between the manufacturer and appellants cannot be imposed upon defendant, Boyce. Finally, plaintiffs allege that the defect and damage to the crane resulted from negligence on the part of the seller and manufacturer for improper inspection which was part of the original contract between Tidewater and Boyce. If Boyce had an obligation to inspect the equipment after its installation upon the LIFT TIDE that inspection was incidental to the sale of the crane and does not change the nature of the transaction from one of sale to one of contract.
Tidewater, on appeal, argues that general maritime jurisdiction applies in this case and, under Federal Maritime Law or admiralty jurisdiction, that this court must apply Federal procedure and substantive law. Further, that the "doctrine of laches" will control the time in which an aggrieved party has to bring its claims before a tribunal and that the prescriptive period for maritime torts will be governed by the Federal doctrine of laches and not by the one year prescriptive period mandated by State law.
Boyce argues that there is no basis in law for plaintiffs' assertion of the applicability of maritime law. Plaintiff contends that the crane was originally designed for maritime activities and was actually performing traditional maritime work on the Atchafalaya River at the time of the accident as the crane was in the process of lifting a barge from the Atchafalaya River when the boom failed, causing the barge and boom to fall into the navigable waters. It is not disputed that the crane was originally supplied to Tidewater to become part of a ship being built for Tidewater by American Marine Shipyards, and further, that at the time of the accident, the crane was permanently affixed to a dock located on the Atchafalaya River.
On the issue of maritime jurisdiction this Court finds persuasive a decision by the United States District Court for the Southern District of Texas, in a case involving the identical parties litigant and the identical facts as are the subject of this suit.[1]
After a full evidentiary hearing on the issue of maritime jurisdiction, that court concluded that maritime jurisdiction did not exist and granted Boyce's motion to dismiss for lack of subject matter jurisdiction.
We adhere to and adopt as our own the reasoning of that court on the issue of maritime jurisdiction. The reasoning of the court is:
"Plaintiffs assert that this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1333 because the crane which has occasioned this lawsuit was intended for use in navigable waters and was being used in the maritime trade. However, the crane in question originally was sold to Tidewater as a part for a ship being built for Tidewater by American Marine, Inc. A contract to construct a ship or to supply materials therefor is nonmaritime. Thames Towboat Co. v. The Schooner Francis McDonald, 254 U.S. 242 [41 S.Ct. 65, 65 L.Ed. 245] (1920); Walter v. Marine Office of America, 537 F.2d 89 (5th Cir. 1976); Hollister v. Luke Construction Co., 517 F.2d 920 (5th Cir. 1975).
"With regard to plaintiffs' tort claim, the Court also lacks jurisdiction under 28 U.S.C. § 1333. The failure of the crane in 1978 occurred approximately four years after the crane had been removed from the vessel *359 into which it had been installed, and reinstalled on a dock located on the Atchafalaya River in Morgan City, Louisiana. `As historically construed by the Supreme Court, maritime jurisdiction does not embrace accidents on land, or injuries inflicted to or on extensions of land such as docks and piers.' Parker v. South Louisiana Contractors, Inc., 537 F.2d 113 (5th Cir. 1976), reh. denied, 539 F.2d 710 (5th Cir. 1976), cert. denied, 430 U.S. 906 [97 S.Ct. 1175, 51 L.Ed.2d 582] (1977), citing Victory Carriers, Inc. v. Law, 404 U.S. 202 [92 S.Ct. 418, 30 L.Ed.2d 383] (1971) and Nacirema Operating Co. v. Johnson, 396 U.S. 212 [90 S.Ct. 347, 24 L.Ed.2d 371] (1969).
"The plaintiffs have failed to state a cause of action in either maritime contract or maritime tort."
We therefore conclude that plaintiffs' claim is governed by the prescriptive periods governing tort actions or redhibitory actions under Louisiana Law. Since the suit against Boyce was filed more than one year after the crane suffered damages, and more than one year after plaintiffs discovered the defect in the crane, and more than one year after plaintiff was advised by the manufacturer that it would assume no responsibility for repairs, any claim against Boyce for damages based upon a liability in tort or redhibition has prescribed.
For the reasons assigned, the decision of the trial court is affirmed. All costs to be borne by the appellant.
AFFIRMED.
NOTES
[1] Tidewater, Inc. and Lexington Insurance Company v. Baldwin-Lima Hamilton Corporation, Lima Division, XYZ Insurance Company, correct name unknown, Clark Equipment Company, ABC Insurance Company, correct name unknown, and Boyce Machinery Corporation, Civil Action No. H-80-1910. Motion to dismiss for lack of jurisdiction, granted Dec. 30, 1981.