THE NORBERT SIMMONS
IRREVOCABLE TRUST A/K/A
THE NORBERT SIMMONS
IRREVOCABLE TRUST OF
4109 ANNUNCIATION ST.,
NEW ORLEANS, LA 70115

VERSUS

FLAG BOY PROPERTIES, LLC
A/K/A FLAG BOY
PROPERTIES, LLC OF 5500
PRYTANIA ST. PMB#440, NEW
ORLEANS, LA 70115, ET AL.

*      NO. 2023-CA-0211

*      COURT OF APPEAL

*      FOURTH CIRCUIT

*      STATE OF LOUISIANA

* * * * * * *


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-05298, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Sandra
Cabrina Jenkins, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

Albert A. Thibodeaux
DAVILLIER LAW GROUP, LLC
935 Gravier Street, Suite 1702
New Orleans, LA 70112

     COUNSEL FOR PLAINTIFF/APPELLANT

Jonah Freedman
JONAH FREEDMAN LAW, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**September 27, 2023**

NEK
DLD
RML
SCJ
DNA

The Norbert Simmons Irrevocable Trust (herein the "Trust") appeals the district court's judgment granting Flag Boy Properties, LLC's (herein "Flag Boy") exception of prescription. For the following reasons, we affirm.

**<u>Relevant Facts and Procedural History</u>**

The following facts are alleged by the parties and do not appear to be in dispute. On April 12, 2016, the Norbert Simmons Irrevocable Trust obtained a 1% interest in the property located at 2009 Gov. Nicholls St., New Orleans, LA via a tax sale certificate. Thereafter, the Trust failed to pay the *ad valorem* taxes on the property. On April 11, 2017, Flag Boy obtained a 100% interest in the property via a tax sale certificate. Flag Boy filed its tax certificate in the mortgage records on May 30, 2017. Pursuant to Article 7, § 25(B) of the Louisiana Constitution, the Trust had three years from the recordation date to redeem the property.

On November 4, 2019, Flag Boy mailed post tax sale notice to various addresses associated with the Trust. This notice informed the recipient that it had until May 30, 2020 to redeem the property. Flag Boy received a signed confirmation that the notice sent to 5325 Fisher Island Dr., Miami Beach, FL 33109 had been received on December 9, 2019. Despite this, the Trust failed to

1

redeem the property. On December 14, 2020, Flag Boy sent multiple post-redemptive period notices in accordance with La. R.S. 47:2157 that informed the Trust its interest in the property would be terminated if it did not file a lawsuit within six months from the date of the notice. Flag Boy received a signed confirmation that the notice sent to 5325 Fisher Island Dr., Miami Beach, FL 33109 had been received on December 26, 2020. On March 5, 2021, counsel for the Trust sent Flag Boy's counsel an email regarding the notice sent to 5325 Fisher Island Dr., Miami Beach, FL 33109.

On June 22, 2021, the Trust filed a Petition to Annul Tax Sale. In response, Flag Boy filed a Peremptory Exception of Prescription and No Cause of Action, arguing that the Trust failed to file its action within six months of the December 14, 2020 notice.[1] On June 13, 2022, the district court issued a judgment granting Flag Boy's exception of prescription, pretermitting the exception of no cause of action, and dismissing the case. The Trust filed a Motion for New Trial, and the district court denied the motion. This appeal followed.

**Assignment of Error**

The Trust's sole assignment of error on appeal is that the district court erred in granting Flag Boy's exception of prescription and dismissing the case. The Trust contends that the district court misapplied La. R.S. 47:2157 in finding that prescription began to accrue on the date listed on the post-redemptive notice as opposed to the date the Trust actually received the notice.

---

[1] Per the date listed on the post-redemptive notice, the Trust would have had until June 14, 2021 to file its suit.

**Standard of Review**

Appellate courts typically review legal questions such as prescription under a *de novo* standard. *Titus v. Wilson*, 2015-0575, p. 3 (La. App. 4 Cir. 12/4/15), 216 So. 3d 928, 931. If evidence is introduced at the trial on a peremptory exception, the appellate court must review the entire record and determine whether the district court committed manifest error. *Petkovich v. Franklin Homes, Inc.*, 2021-0448, p. 5 (La. App. 4 Cir. 9/22/22), 349 So. 3d 1042, 1048 (quoting *McGaha v. Franklin Homes, Inc.*, 2021-0244, p. 29 (La. App. 4 Cir. 2/04/22), 335 So. 3d 842, 860).

Both parties assert in their briefs that a manifest error standard of review applies because they introduced evidence at the hearing on the exception. However, a review of the record reveals that this did not happen. Although the parties made reference to various exhibits, the transcripts show that the parties never introduced evidence at either the hearing on the exception or the hearing on the motion for new trial. As a result, this Court is bound to apply a *de novo* standard of review.

**Discussion**

The peremptory exception of prescription is a procedural device a defendant may use to have an action declared time-barred and dismissed. *Medical Review Panel Proceedings for Timpton v. Touro Infirmary*, 2020-0522, pp. 4-5 (La. App. 4 Cir. 2/10/21), 313 So. 3d 1022, 1027 (quoting *Felix v. Safeway Ins. Co.*, 2015-0701, p. 4 (La. App. 4 Cir. 12/16/15), 183 So. 3d 627, 630). "Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it." *Bailey v. Khoury*, 2004-0620, p. 9 (La. 1/20/05), 891 So. 2d 1268, 1275 (citing *Bouterie v. Crane*, 616 So. 2d 657, 660 (La. 1993)).

The Trust filed its nullity action pursuant to La. R.S. 47:2287. The statute provides, in pertinent part:

> Any action to annul a tax sale on grounds of a redemption nullity shall be brought before the earlier of:
> (1) **Six months after a person is duly notified** using a notice, other than the notice provided in R.S. 47:2156 that is sent between the time that the redemptive period ends and five years after the date of the recordation of the tax sale certificate.

La. R.S. 47:2287(A)(1)(emphasis added). In its exception, Flag Boy argued that the Trust's nullity action is time-barred because its action began to accrue from the date Flag Boy sent the post-redemptive notices. Flag Boy's argument relies on La. R.S. 47:2157. That statute provides, in pertinent part:

> Upon the expiration of the applicable redemptive period, the tax sale purchaser may send a notice to a tax sale party whose interest the tax sale purchaser intends to terminate that the party has until the later of . . . **[s]ix months after the date of the notice** if five years have not elapsed from the filing of the tax sale certificate, to challenge, in a court of competent jurisdiction, the tax sale.

La. R.S. 47:2157(A)(1)(b)(emphasis added). The crux of this appeal hinges on whether the Trust had six months from the date listed on the post-redemptive notice or six months from the date the Trust received the notice. The language of La. R.S. 47:2157 is clear. The Trust had six months from the date listed on the notice, which was December 14, 2020, to file its suit.

Typically, the party pleading prescription bears the burden of proof. *State v. Louisiana Land & Exploration Co.*, 2020-00685, p. 5 (La. 6/30/21), 347 So. 3d 684, 688. However, if the cause of action appears prescribed on the face of the petition, the burden shifts to the petitioner to show that the action is still viable. *Id.* (citing *Hogg v. Chevron USA, Inc.*, 2009-2632, p. 7 (La. 7/6/10), 45 So. 3d 991, 998). If a plaintiff alleges specific dates in a petition, courts may determine

whether the petition is prescribed on its face. *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 2017-0413, p. 9 (La. App. 4 Cir. 11/15/17), 231 So. 3d 793, 801. On an exception of prescription, exhibits attached to the petition are accepted as true. *See Calzavara v. Biehl & Co.*, 220 So. 2d 552, 554 (La. App. 4th Cir. 1969) ("[T]he question is whether the grounds of the exception appear from the petition and its exhibits."); *Morris v. Jones Funeral Home, Inc.*, 2020-1002, p. 4 (La. App. 1 Cir. 6/18/21), 328 So. 3d 472, 475 ("In the instant case, neither party introduced evidence at the hearing on the exception raising the objection of prescription. Therefore, the trial court only considered the allegations in [the] petition, as well as the exhibits attached thereto, which were accepted as true."). In its petition, the Trust alleges that it received the notice on December 26, 2020. The Trust also attaches several documents to its petition, including an affidavit from Flag Boy's counsel verifying the efforts Flag Boy took to mail the post-redemptive notices as well as a copy of the December 14, 2020 notice. In light of the attached exhibits, the petition was prescribed on its face, and, therefore, the burden of proof shifted to the Trust to prove that its suit was timely. The Trust failed to meet this burden.

The Trust argues that the district court should have applied the prescriptive period provided for under La. R.S. 47:2287. La. R.S. 47:2287(A)(1) holds that an action to annul a tax sale on grounds of a redemption nullity shall be filed no later than six months after a person is duly notified. A person is deemed to have been duly notified if an effort was made to provide him with notice under La. R.S. 47:2157*, regardless of when the effort was made or whether the effort resulted in actual notice. See* La. R.S. 47:2122(4)(a) and (c) (emphasis added). The Trust judicially admitted in its petition to receiving the notice sent under La. R.S. 47:2157. Thus, it was duly notified, and this argument does not have merit.

The Trust also argues that La. R.S. 47:2157 conflicts with the Louisiana Constitution, which provides that a proceeding to annul shall be brought within six months from the service of notice of sale. *See* La. Const. art. 7, § 25(C). However, La. R.S. 47:2157(A)(2) provides, "This notice shall constitute a notice of sale, and *sending* of this notice shall constitute the service of the notice of sale under Article VII, Section 25 of the Louisiana Constitution. This notice shall be sufficient without regard to whether the notice of the tax sale or any other notice has been given." (Emphasis added). Therefore, the Trust's argument does not have merit.[2]

## Decree

In light of the foregoing reasons, we affirm the district court's June 13, 2022 judgment granting Flag Boy's exception of prescription and dismissing this case.

**AFFIRMED**

---

[2] If the Trust is implying that La. R.S. 47:2157 is unconstitutional, the Trust failed to properly bring this issue before the district court. *See Unwired Telecom Corp. v. Parish of Calcasieu*, 2003-0732, p. 6 (La. 1/19/05), 903 So. 2d 392, 399 (finding that a "constitutional challenge must be specially pleaded and the grounds for the claim particularized."); *Travers-Wakeford v. St. Pierre*, 585 So. 2d 580, 583 (La. App. 4th Cir. 1991) (finding that "the plea of unconstitutionality must be specially pleaded to be considered and the Attorney General must be served and is an indispensable party when the constitutionality of a statute is at issue."). As such, our review does not encompass the constitutionality of La. R.S. 47:2157.