182 So.2d 532 (1966)
Herman GIVENS, Sr., et ux.
v.
BATON ROUGE COCA-COLA BOTTLING COMPANY, Ltd.
No. 6534.
Court of Appeal of Louisiana, First Circuit.
January 24, 1966.
Joel B. Dickinson, Baton Rouge, for appellants.
Calvin E. Hardin, Jr., of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellee.
Before R. S. ELLIS, LANDRY, REID, BAILES and F. S. ELLIS, JJ.
F. S. ELLIS, Judge pro tem.
In this suit, plaintiff seeks damages for illness allegedly resulting from consumption of part of a Coca-Cola containing a worm or caterpillar.
The evidence shows that, on the thirtieth day of January, 1964, plaintiff Herman Givens, Sr., purchased two Coca-Cola's at Ida's Place in Baton Rouge, Louisiana. He carried the cokes, still capped, to his home, and he and his wife, Margaret Givens, the other plaintiff herein, proceeded to open the cokes and drink them. When she had drunk approximately one half of her coke, Mrs. Givens testified that she felt something wiggling or crawling in her mouth, and that she spat it into a cup. When she looked into the cup, she discovered it to be a worm, whereupon she became violently ill.
Her husband testified that he carried the bottle and the cup containing the worm over to Ida's Place, and turned it over to the proprietor. He testified that at the time, she examined the contents of the cup and saw no foreign object therein. However, she emptied the contents of the cup into the bottle and re-capped it, and it was eventually surrendered to a representative of the Coca-Cola Bottling Company, who *533 in turn conveyed it to a Dr. McQuown, a pathologist, who examined the contents of the bottle.
Dr. McQuown testified that he found nothing injurious in the coke itself, but that there was a worm or caterpillar in the bottle. He further testified that the worm was dead, but that it was plump, showed no evidence of decomposition, and had not been crushed or mangled in any way.
Other than the testimony of the two plaintiffs in this case, the only other testimony bearing on the finding of the worm was that of Dr. F. A. DeJean, the plaintiff's family doctor, who testified that Mrs. Givens told him she got ill when she observed the worm in the bottom of the bottle.
The District Judge went to defendant's plant and observed the procedures followed in washing the coke bottles and filling them.
In his reasons for judgment, he stated that, in his opinion, it was impossible for the worm to have been introduced into the bottle during the washing and bottling process, that he felt it would be impossible for a worm to remain alive during the process, or, if dead, to come through the washing and bottling process without suffering some form of physical deterioration. He was of the opinion that the worm, if alive, must have been introduced into the bottle after it was opened in plaintiff's home. He accordingly rendered judgment for the defendant, dismissing plaintiff's suit, from which judgment plaintiff prosecuted this appeal.
As pointed out in plaintiff-appellant's brief, it is presently the law in this state that, in order to make out a prima facia case, the plaintiff must show, by a preponderance of the evidence, that he purchased the beverage in its original container; that the said container was in apparent good condition at the time of its acquisition and the time it was opened; that it contained a foreign substance; that it was consumed and that injuries resulted therefrom. When this is done by plaintiff, the burden then shifts to the defendant to excuse itself from liability. LeBlanc v. Louisiana Coca Cola Bottling Co., Ltd., 221 La. 919, 60 So.2d 873 (1952). The liability of the defendant is based, not on negligence, but on a breach of an implied warranty of quality between it and the eventual consumer of the product.
The finding of the District Judge was to the effect that plaintiffs had not carried the burden of proof required of them in that they had not shown by a preponderance of the evidence that the worm was in fact in the bottle prior to the time it was opened. The evidence on this point is summarized as follows:
There are a number of conflicts in the testimony of the plaintiffs. The petition alleges that the coke was opened and consumed at Ida's Place. The testimony is to the effect that it was purchased at Ida's Place, but opened and consumed at plaintiff's home. The history taken by Dr. DeJean, plaintiff's doctor, showed that he was told that the worm was observed in the bottom of the bottle by Mrs. Givens, and was never actually in her mouth. Mrs. Givens testified that the worm felt as though it were alive when it was in her mouth. Dr. McQuown, the pathologist who examined the insect, found that the body was plump and that it showed no signs of having been torn, mangled, or in any way damaged. He testified that he was familiar with the washing and bottling process carried out at the Coca Cola plant and that he did not believe that an insect which had been subjected to this process would show no signs whatsoever. He also did not feel that an insect which had been bottled up in a coke bottle for two days, which the evidence showed to have been the minimum time which could have elapsed between the coke being bottled and the time that it was opened by plaintiffs, could have remained alive.
Under the peculiar circumstances of this case, and considering all of the above facts, we can not say that the trial judge is manifestly erroneous in finding that, if the insect *534 was in fact in the Coca Cola when it was consumed by Mrs. Givens, it got into it subsequent to the time it was opened by her. On the contrary, we feel that the conclusion reached by him was correct.
The judgment of the trial court is, accordingly, affirmed.
Affirmed.