FRUGÉ, Judge.
Brady Engine Company of Houma filed suit on open account for labor and repairs to a motor vessel owned by Alfred, Claude, and Mike Devall. Devall denied the claim and filed a third party petition against Harold Cooling, their vendor in redhibition. Cooling’s exception of prescription was sustained; judgment was rendered on the main demand in favor of Brady and against Devall. From the judgment, De-vall appeals. We affirm.
On September 9, 1969, Brady Engine Company of Houma, Inc. filed suit against Alfred Devall, Claude Devall, ^nd Mike Devall, d/b/a Devall Towing Company for $2,701.91, representing a charge on open account for labor and parts to repair a clutch in the M/V CLAUDE DEVALL.[1] Devall then assumed the position of third party plaintiff, claiming the repairs made by Brady to the M/V CLAUDE DE-VALL were caused by defective repair and construction of the marine engine alleging it was previously installed by third party defendant, Harold Cooling, d/b/a Diesel Marine Service. Defendants also pled as an additional cause of action the failure of Harold Cooling to return a light plant to them.
Following service of the third party petition on Cooling, he failed to answer and on January 13, 1972, a preliminary default was entered against him. On February 14, 1972, Cooling filed exceptions of improper cumulation of actions, no cause or right of action and prescription. Devall filed a motion to strike these pleadings. The trial judge in effect overruled the motion to *582 strike, by sustaining the exceptions of prescription and no right or cause of action. The case proceeded to trial on the merits against Devall. Judgment was rendered against Devall in the sum of $2,670.52, and the reconventional demand of Devall was denied.
Devall alleges as error the trial court’s failure to sustain the motion to strike the exceptions filed by Harold Cooling, and in sustaining the exception of prescription.
Counsel for appellants argues that the court failed to sustain the motion to strike the exceptions filed by the third party defendant in contravention of Louisiana Code of Civil Procedure Article 1035. This article relates to the time in which an answer to an incidental action may be filed. Under the article the defendant in the incidental action may file his answer within the delay allowed by Article 1001, which is 15 days, or at any time prior to a judgment by default. Since a preliminary default was entered in the matter before the exceptions were filed, third party plaintiff argues that it was error for the trial court to permit the filing of these exceptions.
It is apparent that Article 1035 of the Code of Civil Procedure deals with the right to file an answer after the entrance of the preliminary default and not with filing of exceptions available to the defendant in the incidental action. Under Article 1034 of the Code of Civil Procedure,
“A defendant in an incidental action may plead any of the exceptions available to a defendant in a principal action, and may raise any of the objections enumerated in Articles 925 through 927, except that an objection of improper venue may not be urged if the principal action has been instituted in the proper venue.”
Article 928 lists the objections raised by the peremptory exception. Included are those of prescription; no cause of action, and no right of action, or no interest in the plaintiff to institute the suit. Article 928 states that the peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to the submission of the case for a decision. It is clear to this court that this criteria has been met. That is, the peremptory exceptions were filed in the trial court even before the hearing. Article 1035 of the Code of Civil Procedure does not prohibit the filing of peremptory exceptions after entrance of a preliminary default.
Appellant’s second specification of error is that the court erred in sustaining the appellee’s exception of prescription. The third party petition is grounded in a redhibition claim for the sale of a rebuilt engine and clutch to the third party plaintiff. Coupled to this engine by defendant Cooling was the clutch gear which required repair by plaintiff, Brady, which was the subject of the main demand on open account The argument of appellant is the rebuilding of the engine by Cooling and the installation of the clutch was a repair job and was not a sale. Therefore, the proper prescription for such actions is the 10-year prescription applicable to breach of contract. This argument is solely based upon the proposition that- the clutch was improperly installed to the engine. The testimony of the defendant, Devall, is that he purchased the engine and clutch assembly from defendant, Harold Cooling, and that these engines were installed in the M/V CLAUDE DEVALL by a shipyard which was unconnected with Harold Cooling.
In support of this position, appellants rely on the cases of Yeargain v. Blum, 144 So.2d 756 (La.App. 4th Cir., 1962); Hunter v. Mayfield, 106 So.2d 330 (La.App. 2nd Cir., 1958); Landry v. A. & O. Builders, 60 So.2d 723 (La.App. 4th Cir., 1952); Michel v. Efferson, 223 La. 136, 55 So.2d 115 (1952). These are all cases involving claims for breach of contract for defective performance which were held to be governed by the 10-year prescriptive period. However, a review of the facts of these *583 cases discloses the contracts involved the furnishing of materials and labor, or the installation of items and a written building contract. These are cases clearly which do not apply to the facts herein. The facts of this case indicate that a completed sale of an engine and clutch assembly was made to Alfred Devall by Harold Cooling. The applicable prescription for a breach of warranty of a sales contract is one year under Louisiana Civil Code Article 2534.
The sale of the engine from Cooling to Devall occurred in 1968. Devall’s third party demand was filed July 1, 1971. The difficulty with the clutch of the M./V CLAUDE DEVALL occurred on or about December 26, 1968. Under Article 2534 Devall had one year to bring suit from the date of the sale which was prior to December 26, 1968. It is apparent the claim for redhibition had long prescribed on July 1, 1971.
For the foregoing reasons, the judgment of the trial court is hereby affirmed. All costs to be paid by appellants.
Affirmed.

. M/V refers to motor vessel.