307 So.2d 762 (1975)
Thomas B. LEMOINE, Plaintiff-Appellant,
v.
AVOYELLES FARMERS CO-OP, and Southern Farm Bureau Insurance Company, Defendants-Appellees.
No. 4903.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
*763 Ben C. Bennett, Jr., and Donald R. Wilson, Marksville, for plaintiff-appellant.
Brittain & Williams by John G. Williams, Natchitoches, for defendant-appellee.
Before HOOD, MILLER and WATSON, JJ.
MILLER, Judge.
Plaintiff Thomas B. Lemoine appeals the judgment sustaining the peremptory exception of prescription and dismissing his tort, redhibition, and contract claims against defendant Avoyelles Farmers Co-op and its insurer, defendant Southern Farm Bureau Insurance Company. We affirm.
Lemoine has been in the business of raising swine for twelve years. On December 4, 1972 he purchased a quantity of swine feed from Farmers Co-op, and it was delivered while Lemoine was away. Upon returning Lemoine discovered the mixed soybean and milo feed to be moldy. He immediately telephoned Farmers Coop to request that the moldy feed be picked up. Following negotiations the parties agreed that Lemoine would keep the feed and receive a discount on the purchase price.
Plaintiff then fed the moldy feed to his breeding stock, having arranged for good corn to be delivered to feed his slaughter pigs. Within two or three weeks, Lemoine noticed his breeding stock suffering from what he termed "abortions" in his sows and "sterility" in his boars.
Lemoine filed suit on May 16, 1974 alleging negligence, a redhibitory vice, and breach of contract. Defendants filed an exception of prescription to all claims which was sustained.
Lemoine contends that his claim was based upon three separate and independent theories of recovery, i. e. 1) product liability founded in tort, 2) redhibition, and 3) contract; and that the court erred in finding the claim prescribed under each theory.

Tort claim
The prescriptive period for tort actions is one year. LSA-R.C.C. art. 3536.
Lemoine contends that although he knew the feed was moldy in December, 1972, he did not learn that moldy feed could cause "abortions" in his sows and "sterility" in his boars until June, 1973 when he was put on notice by the assistant County Agent, Mr. Breaux. Lemoine testified that until June, 1973 he thought his herd had become infected with "leptospirosis" which causes similar symptoms in swine.
Lemoine contends that his claim had not prescribed because suit was filed within one year from the date he was put on notice that his herd's difficulties were caused by the moldy feed. He relies on jurisprudence holding that prescription does not commence until a party is aware of his cause of action. Cartwright v. Chrysler Corp., 255 La. 598, 232 So.2d 285 (1970); Perrin v. Rodriguez, 153 So. 555 (La.App. Orls.1934); Aegis Insurance Co. v. Delta Fire and Casualty Co., 99 So.2d 767 (La. App. 1 Cir. 1958); Lucas v. Commercial Union Insurance Co., 198 So.2d 560 (La. App. 1 Cir. 1967); Duhon v. Lafayette General Hospital, 286 So.2d 166 (La.App. 3 Cir. 1973). We distinguish these cases.
Prescription does not run against one who is ignorant of the existence of facts which would entitle him to bring suit. This rule applies only when such ignorance is not willful and does not result from negligence. It is not necessary that the party have actual knowledge of the conditions as long as there is "constructive knowledge." Whatever is notice enough to excite attention and put the owner on guard and call for inquiry, is tantamount to knowledge or notice of everything to which inquiry may lead, and such information or knowledge *764 as ought to reasonably put owner on inquiry, is sufficient to start the running of prescription. Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 at 287 (1970); Steel v. Aetna Life & Casualty, 304 So.2d 861 (La.App. 3 Cir. 1974).
The trial court held that "in January of 1973 (Lemoine) noted his sows were aborting; that he consulted Mr. Breaux, the assistant County Agent about that time, and was informed that (moldy) feed could cause the sows to lose their pigs prematurely, and sterility in the boars." The trial court made the factual determination that Lemoine's claim was filed more than one year after he had notice that the moldy feed could cause his swine herd's difficulties.
Lemoine contends that there is no evidence to substantiate the trial court's factual determination that Breaux told Lemoine in January, 1973 that moldy feed could cause the problems he was encountering with his swine herd.
The exact date of the conversation between Lemoine and assistant County Agent Breaux is not entirely clear. Lemoine testified that he began feeding the moldy feed in December, 1972 and that he talked to Breaux as soon as his herd showed problems in January, 1973. There is another line of testimony by Lemoine which would place the conversation in June, 1973. There is no manifest error in the trial court's conclusion that the conversation between Lemoine and Breaux occurred in January, 1973.
Additionally, Lemoine had twelve years experience in feeding swine. He knew the feed was moldy and did not inquire as to the possible effects of feeding moldy feed to his swine.
We find no manifest error in the holding that Lemoine knew of the defective condition of the feed and the possible consequences of feeding it to his swine as early as January, 1973. His tort action therefore prescribed prior to the May 16, 1974 filing of this suit.

Redhibition
Lemoine alleges that Farmers Co-op was a bad faith seller (LSA-R.C.C. art. 2534) and therefore the one year prescriptive period for bringing an action in redhibition did not commence until Lemoine became aware of his cause of action in June, 1973.
Having found no manifest error in the determination that Lemoine was on notice in January, 1973, there is no manifest error in the holding that plaintiff's action in redhibition had likewise prescribed.

Contract claim
Lemoine contends that Farmers Co-op breached its implied warranty to provide wholesome feed fit for feeding breeding stock. He contends that the prescriptive period for bringing this action is ten years (LSA-R.C.C. art. 3544) and therefore this action has not prescribed.
Based on Givens v. Baton Rouge Coca-Cola Bottling Company, 182 So.2d 532 (La.App. 1 Cir. 1966) and Simmons v. Baton Rouge Coca-Cola Bottling Co., Ltd., 282 So.2d 827 (La.App. 1 Cir. 1973), Lemoine argues that the prescriptive period for an action founded on implied warranty in a contract of sale is ten years. These cases do not consider prescription, rather they hold that there is a cause of action under the theory of implied warranty.
Damages caused by breach of warranty in contracts of sale are founded upon redhibition and subject to one year prescription rather than the ten year period. Rapides Grocery Co. v. Clopton, 171 La. 632, 131 So. 734 (1930); Crowley Grain Drier, Inc. v. Fontenot, 132 So.2d 573 (La.App. 3 Cir. 1961); Yeargain v. Blum, 144 So.2d 756 (La.App. 4 Cir. 1962); Brady Engine Company of Houma, Inc. v. Devall, 289 So.2d 580 (La.App. 3 *765 Cir. 1974); Stelly v. Gerber Products Company, 299 So.2d 529 (La.App. 4 Cir. 1974). Therefore, the trial court properly applied the one year prescriptive period to this claim for a breach of warranty.
Furthermore, Lemoine's amended contract called for him to receive moldy feed at a reduced price.
The trial court judgment is sustained at appellant's costs.
Affirmed.