EDWARDS, Judge.
Plaintiff, Wilfred P. Duplessis, filed this suit against defendant, Vulcan Materials Company, to recover damages resulting from the contamination of his herd of cattle by hexachlorobenzene allegedly emitted through Vulcan’s negligence. By an amended petition, plaintiff named Manufacturer’s Enterprises, Inc. as an additional defendant, and urged a claim ex contractu against Vulcan for breach of the pasture lease. Each defendant filed an exception of prescription of one year. The trial court sustained the exceptions and dismissed the tort portion of plaintiff’s suit, but maintained plaintiff’s contract claim against Vulcan. Plaintiff has appealed.
The sole question presented for review concerns prescription, namely when did the one year period for the action ex delicto commence?
Plaintiff’s petitions indicate the following chronology:
1. June 22, 1973 Plaintiff’s cattle quarantined by order of the Louisiana Department of Agriculture.
2. April 28,1975 Quarantine lifted.
3. April 28,1976 Suit filed against Vulcan.
4. June 22,1977 Amended petition filed, naming Manufacturer’s as a solidary obligor.
The pertinent prescriptive period for this action in tort is contained in LSA-C.C. arts. 3536 and 3537, which provide:
“Art. 3536. The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses . . . ”
******
“Art. 3537. The prescription mentioned in the preceding article runs:
*704 With respect to the merchandise injured or not delivered from the day of the arrival of the vessel, or that on which she ought to have arrived.
And in the other cases from that on which the injurious words, disturbance or damage were sustained.
And where land, timber or property has been injured, cut, damaged or destroyed from the date knowledge of such damage is received by the owner thereof.”
Plaintiff contends that no damage was sustained and consequently prescription did not begin to run until the quarantine was lifted and the cattle were sold at a loss. Therefore, plaintiff contends that this suit, filed within a year of the lifting of the quarantine against one solidary obligor, was timely.
We do not find this argument convincing. The alleged tortious conduct in the instant case was the emission of the offending chemical which accumulated on the pasture. The exact date of this event is not certain, though it obviously occurred prior to the quarantine. The damage caused by this alleged tortious conduct was threefold: first, plaintiff was restrained from freely disposing of his cattle; second, plaintiff was compelled to feed and maintain the cattle during the quarantine period, when otherwise they would have been sold in accordance with good husbandry practices; and third, plaintiff was ultimately damaged when he sold the cattle at a loss.
Plaintiff’s contention addresses itself to the extent of damage. In this regard, this Court in Lucas v. Commercial Union Insurance Company, 198 So.2d 560, at pages 563, 564 (La.App. 1st Cir. 1967) stated:
“. . . Even though the full extent of the damage or loss may not be immediately ascertainable, nevertheless, if the aggrieved party is aware of claim resulting from the tortious conduct, the entire claim, including that for damages not then determinable, prescribes in one year from the date of commission of the wrong . . .” (citations omitted).
Prescription therefore commenced on June 22, 1973, the date of the quarantine.
There is no evidence in the record to indicate, as plaintiff contends, that this wrongful conduct was in the nature of a continuing tort. We do not address this contention further.
For the above reasons, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.