In re Willie Lee WRIGHT, Debtor.

PIONEER VALLEY CREDIT UNION,
f/k/a Morco Credit Union, Plaintiff,

v.

Willie Lee WRIGHT, Defendant.

Bankruptcy No. 4–81–00358–G.
Adv. No. 4–81–0144.

United States Bankruptcy Court,
D. Massachusetts.

March 29, 1982.

Joseph B. Collins, Kamberg, Berman, Hendel, Gold & West, P. C., Springfield, Mass., for plaintiff.

Frank J. Lafayette, Springfield, Mass., Joseph Szabo, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

PAUL W. GLENNON, Bankruptcy Judge.

The question for decision is whether summary judgment under Fed.R.Civ.P. 56 is warranted for plaintiff in the instant case. The facts which are admitted by the defendant in his answer to the plaintiff's complaint are as follows:

1. The plaintiff, Pioneer Valley Credit Union, is a Massachusetts corporation doing business in Springfield, Massachusetts, where the defendant also resides.

2. The defendant executed and delivered a promissory note on March 28, 1979, payable to the plaintiff or its order, with precomputed finance charges and an agreement to pay reasonable attorney's fees if the note required collection.

3. The defendant executed and delivered a like promissory note on December 21, 1979, payable to the plaintiff or its order, wherein the defendant also agreed to pay the plaintiff late charges and reasonable attorney's fees in connection with collecting on the note.

4. The defendant admits he is "responsible" for both notes to the plaintiff.

The sole issue raised by the pleadings is as to the amount remaining to be paid on each note. The plaintiff alleged that it was owed, inclusive of attorney's fees, $3,338.26 on the first note, and $1,765.00 on the second note, inclusive of late charges, interest and attorney's fees, making the total amount due $4,207.96. The plaintiff, in its complaint, provided a breakdown of how the amounts were computed:

| I. | Original amount of note (3/28/79) | $4,328.64 |
| | payments/credits received | (1,725.54) |
| | rebate received on precomputed finance charges | (99.53) |
| | Balance | $2,503.57 |
| | Attorney's fees | 834.69 |
| | **TOTAL BALANCE DUE** | **$3,338.26** |
| II. | Amount of note (12/21/79) | $1,699.20 |
| | amount paid on note | (85.37) |
| | late charges | 55.00 |
| | Balance | $1,668.83 |

| Interest from 12/21/80, date of maturity, to 3/9/81 to 10% per annum | 35.66 |
| Balance | $1,704.49 |
| Attorney's fees – not to exceed – | 60.51 |
| **TOTAL BALANCE DUE** | **$1,765.00** |

Attached to the complaint were copies of each note stating that the total of payments was respectively $4,328.64 and $1,699.20, which comports with the allegations of the complaint, and each note reflects that late charges would be due and payable on default, and that reasonable collection fees would be paid.

As support for its motion, the plaintiff attached a sworn affidavit by Willie Lee, a collection manager for the plaintiff, who stated that he had personal knowledge of the records of the plaintiff, and that those records indicated that the defendant was indebted to the plaintiff in the amount of $4,207.96, pursuant to an accounting which was identical to the one above. Finally, counsel for the plaintiff submitted a memorandum in support of the motion for summary judgment.

In opposition to the motion, the defendant introduced no evidence, or affidavits, nor even any explanation as to why he disputes the figures stated by the plaintiff to be owing, but rather, submitted a memorandum of counsel wherein it was argued, in reliance on *Ross v. International Broth. of Electrical Workers, AFL–CIO*, 544 F.2d 1022 (9th Cir. 1976), that summary judgment cannot be granted on an issue to which no submission has been made when the allegations in the complaint have been denied. The memorandum goes on to state that "the defendant seeks a hearing on the *amount of debt* and calls upon [plaintiff] to prove that amount."

This Court is of the opinion that not only is summary judgment warranted on these facts, but that it would be an abuse of discretion to deny the same.

## DISCUSSION

■ Rule 56(c) of the Fed.R.Civ.P. provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Subdivision (e) of Rule 56 further provides:

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The party moving for summary judgment has the burden of showing the absence of any genuine issue as to any material fact. *Weinberger v. Hynson, Westcott & Dunning, Inc.*, 412 U.S. 609, 622, 93 S.Ct. 2469, 2479, 37 L.Ed.2d 207 (1973); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mack v. Cape Elizabeth School Board*, 553 F.2d 720 (1st Cir. 1977); *Bromley-Heath Modernization Committee v. Boston Housing Authority*, 459 F.2d 1067 (1st Cir. 1972). Rule 56 authorizes summary judgment only where it is quite clear what the truth is and that there really are no issues of fact to try. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). A litigant has a right to trial where there is

the slightest doubt as to the facts. *Morrissey v. Proctor & Gamble Co.*, 379 F.2d 675, 677 (1st Cir. 1967); *Peckham v. Ronrico Corp.*, 171 F.2d 653, 657 (1st Cir. 1948). Nevertheless, one of the purposes of summary judgment is to determine whether the parties can provide evidentiary support for their version of the facts. *E. P. Hinkel & Co., Inc. v. Manhattan Co.*, 506 F.2d 201, 205 (D.C.Cir.1974). The wholesome utility of summary judgment is, in advance of trial, to test on the intrinsic merits whether there is in actuality a real basis for relief or defense. *Bruce Construction Corp. v. United States*, 242 F.2d 873, 874 (5th Cir. 1957).

Here the defendant has admitted executing two notes in favor of the plaintiff, and has admitted liability thereon, but simply denies the amount which the plaintiff says is owed. Where, as here, there is no dispute that defendant is liable to plaintiff on two separate notes, the complaint specifies the opening account balance, all intermediate charges and credits, and the total unpaid balance, copies of the notes which verify the original amounts owed are attached to the complaint, and the moving party has submitted the sworn affidavit of an employee of the plaintiff which sets forth that the records of the plaintiff support the allegations in the complaint, of which records he has personal knowledge, I conclude that the plaintiff seeking summary judgment has met its burden of proof under Rule 56.

Rule 56 has a fundamental requirement that the moving party's position be sustained by competent and admissable evidence. Fed.R.Civ.P. 56(e); *Morrissey v. Proctor & Gamble Co.*, supra. Here the plaintiff has shown of what the debt is made, how the unpaid balance was arrived at, and why it seeks relief. Moreover, its evidence, if true, is both admissible and competent. The affidavit of Mr. Lee on behalf of the plaintiff presents facts which, if true, would be admissible in court as proof of a debt, and which could be easily supported by business records of the plaintiff. While it is true that a plaintiff seeking summary judgment must make out more than a prima facie case, I conclude

that here there is sufficient evidence which, if true, would warrant a judgment in favor of the plaintiff.

■ Having so ruled, Rule 56(e) requires that the party adverse to the summary judgment motion must come forward with specific facts showing that there is a genuine issue for trial. What Rule 56(e) makes clear is that a party cannot rest on the allegations in his complaint, or the denials in his answer, in opposition to a properly supported summary judgment motion made against him. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). The fact that plaintiff's proof was not rebutted does not of itself require a finding of summary judgment, see *Bromley-Heath Mod. Comm. v. B. H. A.*, supra, but when a party presents evidence on which, taken by itself, it would be entitled to a directed verdict if believed, and which the other party does not discredit as dishonest, it rests upon that party at least to specify some opposing evidence which it can adduce and which will change the result. *Radio City Music Hall Corp. v. United States*, 135 F.2d 715, 718 (2nd Cir. 1943); *Tilden Financial Corp. v. Palo Tire Service, Inc.*, 596 F.2d 604, 607 (3rd Cir. 1979); *Bruce Construction Corp. v. United States*, supra. More than mere allegations are necessary to defeat a properly supported motion for summary judgment. *Tilden Financial Corp. v. Palo Tire Service, Inc.*, supra at 607,

> Given the opportunity to respond to a movant's affidavits, an adverse party may not rest upon a mere cryptic and conclusory allegations in his pleading, but must set forth facts showing that there is a genuinely disputed factual issue for trial. Where this opportunity to supplement the record is ignored, summary judgment for the movant who has carried his burden of proof is appropriate. *Tunnel v. Wiley*, 514 F.2d 971, 976 (3rd Cir. 1975)

Finally, the obligation to come forward with probative evidence is clearly not satisfied by mere unsupported factual assertions in a lawyer's memorandum. *Saunders v. National Basketball Association*, 348 F.Supp. 649, 654 (N.D.Ill.1972).

■ Here, not only did the defendant fail to come forward with evidence to support his position, but he failed to even state the basis upon which he disputed the plaintiff's claim. Even counsel's memorandum failed to allege a single fact by which he could reasonably and genuinely argue that a dispute existed. Indeed, he probably had none and merely sought to put the plaintiff to its proof. This, the court has said, was already done, and the burden therefore was upon the defendant to come forward with at least a scintilla of credible evidence to rebut the plaintiff's claim. This he has not done, and pursuant to the cases cited, I therefore conclude that the motion of plaintiff shall be allowed and judgment shall enter thereon.[1]

Finally, the Court wishes to express its dismay at even having to rule on a case such as this. All too often, counsel who appear before the bankruptcy court, presumably in an effort to zealously represent their clients, disclaim liability for debts and dispute allegations which otherwise appear to be amply supported, for the most likely reason that they hope to settle the dispute for something less than is owed. Nor is the problem attributable only to counsel for debtors, since the court has seen too many instances where those who are indebted to the debtor balk at payment once a bankruptcy proceeding is commenced, for the same reason that they hope to effect a favorable settlement.

The problem is acute for those whose claims against the estate are small and who otherwise don't feel justified in spending almost as much in legal fees as they might recover from the debtor's estate. Likewise

---

1. Ordinarily, this matter should have been put before the court as a proof of claim and objection thereto which, when judgment is entered, would treat the claim as an allowed unsecured claim. Since that is the substance, if not the form, of this adversary matter, the Court's decision reflects its judgment that the claim of Pioneer Valley Credit Union shall be allowed as a general claim to be paid according to the debtor's Chapter 13 plan.

a debtor, or trustee, is hampered by the lack of funds available to reimburse either of them in the pursuit of otherwise justified claims against third parties. While such instances are not the rule, the fact that such a practice rears its head at all is disturbing.

A bankruptcy proceeding's primary goal is to provide efficient and economic relief for the debtor and the greatest possible dividend for creditors. The Court sees no benefit to creditors when counsel zealously deny a seemingly valid claim, which is amply supported, even if a settlement for something less than the original amount is reached. For in that case, the savings, unless quite substantial, will more often than not be little if anything, due to the attendant legal fees incurred in producing it. As a result, the Court will not ordinarily allow counsel to be reimbursed from the estate for such "service".

Perhaps more important, however, is the appearance such a practice gives to the rest of the bar and the community in general. What is the layman to think when a party presses a claim, attaches all appropriate documentation, and reasonably sets forth the basis for its claim, and the adversary does no more than deny the allegations and "calls upon the plaintiff to prove same"? The fashioning of formal disputes where there otherwise appears to be none may be an act of bad faith in other courts, but it is unconscionable in the bankruptcy court, where creditors and debtors alike face extreme economic hardship.