DOMENGEAUX, Judge.
Plaintiff John Perkins filed this suit against defendant, O’Neal’s Feeders Supply, Inc., to recover damages resulting from the contamination of his herd of cattle by chronic fluoride toxicosis allegedly caused by O’Neal’s negligence. The defendant filed an exception of prescription of one year. The trial court sustained the exception and dismissed plaintiffs suit.
Perkins had been in the dairy farm business for a number of years. Some time in 1973 plaintiff began purchasing the feed for his cattle from defendant, with the last sale being in April of 1979. Over a period of time, plaintiff noticed a loss of milk production, lameness in some of his herd, and an increasingly high death rate. In August of 1978 the Louisiana State University Cooperative Extension Service diagnosed plaintiffs herd as suffering from chronic fluoride toxicosis. On June 27, 1983, plaintiff filed this suit claiming that the feed purchased from the defendant contained fluoride or other substances which caused the damage to his herd. Subse *82 quently defendant filed the aforementioned peremptory exception of prescription, which was heard and sustained resulting in the dismissal of plaintiff’s suit at his costs.
On appeal plaintiff claims that his cause of action is founded in contract and not redhibition. It is thus his contention that the ten year prescriptive period of La.C.C. 3544 is applicable to his claim and not the one year prescriptive period of La. C.C. 2534. For this proposition plaintiff cites a number of cases including the following: Mabry v. Midland Valley Lumber Company, 47 So.2d 673 (La.1950); Victory Oil Company v. Perret, 183 So.2d 360 (La. App. 4th Cir.1966), writ refused, 184 So.2d 735 (La.1966); and Henderson v. Leona Rice Milling Company 160 La. 597, 107 So. 459 (1926). We distinguish these cases. All of them hold that a plaintiff may recover damages for breach of contract when the product received is of a lesser quality than the product contracted for. In none of those cases was the product “defective” or not fit for the purpose intended. The products delivered were simply of a lower grade or quality.[1]
The feed delivered to plaintiff in the case at hand was not merely of a lower quality or grade but rather was unquestionably defective. It contained poisonous substances which made it unfit to feed cattle, i.e., unfit for the purpose intended. Thus plaintiffs claim is one for damages resulting from a defective product and is founded in redhibition. See Lemoine v. Avoyelles Farmers Co-op., 307 So.2d 762 (La.App. 3rd Cir.1975). In Lemoine, plaintiff claimed damages to his swine herd were caused by molded food sold to him by the defendant. This Court held plaintiff's claim to be one in redhibition subject to the one year prescriptive period of La.C.C. Art. 2534. See also Duplessis v. Vulcan Materials Company, 359 So.2d 702 (La.App. 1st Cir.1978).
We find plaintiff’s claim to be one in redhibition and is subject to a one year prescriptive period. Consequently the trial court was correct in dismissing plaintiff’s petition.
It is clear that redhibitory actions prescribe one year after the sale if the seller is in good faith. La.C.C. Art. 2534. Redhibitory actions prescribe one year after the discovery of the vice if the seller is in bad faith. La.C.C. Art. 2546. Under these articles suit must be brought within one year, at the latest, from the date of the discovery of the defects. Tidewater, Inc. v. Baldwin Lima Hamilton Corporation, 410 So.2d 355 (La.App. 4th Cir.1982).
At the very latest plaintiff here was fully aware that the defective feed caused the damage to his herd by March of 1979. Contained in the record is a letter from Mr. Perkins’ attorney dated March 28, 1979, in which demand is made upon O’Neal’s Feeders Supply for plaintiff’s damages. Nevertheless this suit was not filed until June 27, 1983. The trial court properly applied the one year prescriptive period of La.C.C. 2534 to this redhibitory action.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.

. See also Harkins v. Howard Lumber Co., Inc., 460 So.2d 772 (La.App. 3rd Cir.1984) wherein we held the plaintiff was entitled to recovery on a breach of contract theory because the defendant had delivered to him redwood siding of a lower grade than that contracted for.