**In re JAMES NOEL FLYING SERVICE, INC., Debtor.**

**William C. SANDOZ, Trustee, Plaintiff,**

**v.**

**ENSTROM HELICOPTER CORPORATION and Bravo Investments, Inc., Defendants.**

**Bankruptcy No. 482–00659–LO.
Adv. No. 483–0135.**

United States Bankruptcy Court,
W.D. Louisiana.

March 24, 1986.

Andrew Podolnick and Karen Clark, of Milling, Benson, Woodward, Hillyer, Pierson and Miller, New Orleans, La., for Enstrom Helicopter Corp.

Keitha Leornard, of Voorhies and Labbe', Lafayette, La., for Bravo Instrument Corp.

Gerald H. Schiff, of Sandoz, Sandoz and Schiff, Opelousas, La., and David Cressy, for trustee.

William C. Sandoz, Opelousas, La., Trustee.

## OPINION AND ORDER

RODNEY BERNARD, Jr., Bankruptcy Judge.

This matter came before this court on motion of defendant Enstrom Helicopter Corporation [Enstrom] denominated "Motion to Strike Damages Claims, Motion for Summary Judgment on All Prescribed Tort Claims and Motion to Dismiss for Failure to State a Claim on Which Relief can Be Granted". All three matters shall be treated as motions for partial summary judgment under Rules 56(b) and (d) of the Federal Rules of Civil Procedure, applicable by reference through Bankruptcy Rule 7056, since each essentially seeks to narrow the issues to be tried in this case. *Gotkin v. Miller*, 379 F.Supp. 859 (E.D.N.Y.1974); *Krimlofski v. United States*, 190 F.Supp. 734 (D.Iowa 1961). The purpose of a motion for summary judgment is to "test the intrisic merits of the case and to determine prior to trial whether the parties have a real basis for relief or defense." *Gossett v. Du-Ra-Kel Corp*, 569 F.2d 869 (5th Cir. 1978). The court does not try issues of fact or weigh the evidence, but only determines whether there are issues of fact for trial. *Staren v. American National Bank and Trust Co.*, 529 F.2d 1257 (7th Cir. 1976); *EEOC v. May & Co.*, 572 F.Supp.

# 337

536 (N.D.Ga.1983). For reasons of expeditious disposition of matters where facts are not in dispute, Rules 56(b) and (d) allow the court to grant summary judgment on particular issues, or partial summary judgment, in order to narrow the scope of trial. *Chi-Mil v. W.T. Grant Co.*, 70 F.R.D. 352 (D.Wis.1976), *amended* 422 F.Supp. 46.

In ruling on a motion for summary judgment, the court must also determine whether the parties have met their burdens of proof in showing that there are not factual issues for trial. Initially, the movant clearly bears the burden of showing that no real factual controversy exists. However, after the movant makes a convincing showing, the party opposing the motion must produce proper evidence, showing that a real dispute exists. *McCormick v. Ross*, 506 F.2d 1205 (8th Cir.1974). The defending party must do more than make a general denial. *Golden Oil Co. v. Exxon*, 543 F.2d 548 (5th Cir.1976). *Lesnefsky v. Fischer and Porter Co.*, 527 F.Supp. 951 (E.D.Pa. 1981); *In re Wright*, 19 B.R. 271 (Bankr.D. Mass.1982).

## Statement of the Case

This matter is an adversary proceeding filed by the trustee to recover damages allegedly sustained by the debtor, James Noel Flying Service, Inc. [Noel, Inc.] as a result of certain contractual breaches and tortious conduct committed by the defendants, Enstrom Helicopter Corporation [Enstrom], movant herein, and Bravo Investments, B.V. [Bravo]. This dispute is rooted in two separate distributorship agreements which were entered into between Noel, Inc. and Enstrom on April 28, 1978 and June 23, 1980, respectively. Under these agreements, Noel, Inc. became the distributor for Enstrom in a defined geographic area. This distributorship relationship was terminated by Noel, Inc. on February 9, 1981. The reasons for that termination, as they appear in a memorandum referenced in the letter of termination, both of which are part of the record herein, also form the basis of this lawsuit. These contentions are four-fold:

1. An insurance package for Enstrom purchasers was never developed;

2. An advertising campaign satisfactory to Noel, Inc. was not implemented;

3. The development of the "Hawk" model helicopter was not completed; and

4. The Enstrom helicopters contained defective parts.

These allegations, with some elaboration, were discussed at the June 18, 1984 deposition of James Noel, president of Noel, Inc., which deposition also constitutes part of the record herein. That deposition shall be referred to throughout this opinion. Also, for purposes of this motion, all allegations contained in the complaint shall be accepted as true since the issues to be determined herein are legal, not factual. The issues raised by this motion shall be addressed in the order in which they were raised, and the parties' topic headings shall be used as well, in the interest of consistency.

## I.

**Plaintiff's claims for intentional and negligent misrepresentation, products liability, and redhibition have prescribed.**

As a result of alleged misconduct on the part of Enstrom, the trustee has asserted claims based on negligent and intentional misrepresentation, products liability and redhibition, each of which is rooted in tort. Enstrom asserts that these claims are subject to a one year prescription period, pursuant to La.Civ.Code Art. 3492, and have thus prescribed. Article 3492 of the Louisiana Civil Code establishes a one-year prescriptive period for all delictual actions. Delictual actions include those for: "intentional misconduct, negligence, abuse of right, and liability without negligence." La.Civ.Code art. 3492 comment "b" (West Supp.1985). A claim for misrepresentation is a delictual action, an action sounding in tort, to which the one-year prescriptive period applies. *See, e.g., Marchand v. Estate of Loga*, 354 So.2d 576 (La.App. 4th Cir. 1978); *Brown Shoe Co. v. Unter*, 173 So.

579 (La.App. 2d Cir.1937). A claim in products liability is also a delictual action, an action in tort, to which the one-year prescriptive period applies. Likewise, an action in redhibition against the manufacturer prescribes in one year under La.Civ.Code art. 2546 (West 1952). *See, e.g., Lemoine v. Avoyelles Farmers Co-op,* 307 So.2d 762, 763–64 (La.App. 3d Cir.1975); *Stelly v. Gerber Products Co.,* 299 So.2d 529, 532 (La.App. 4th Cir.), *writ denied,* 302 So.2d 616 (1974).

Enstrom's contention that these actions are prescribed is based primarily on the termination of the distributorship contract in 1981. Enstrom argues that, given the stated reasons for that termination, Noel, Inc. had knowledge of the facts giving rise to its claims at that time. The trustee, on the other hand, contends that Noel, Inc.'s damage was sustained when the bankruptcy was filed. Thus, the question is when the prescriptive period began to run.

■ Under Louisiana law, according to an overwhelming volume of jurisprudence, a prescriptive period begins to run from the time the plaintiff has either actual or constructive knowledge of the facts giving rise to his claim. *Bennett v. General Motors Corp.,* 420 So.2d 531, 537 (La.App.2d Cir. 1982); *Lee v. The Equitable Life Assurance Society,* 391 So.2d 37, 38–39 (La.App. 3d Cir.1980), *writ denied,* 395 So.2d 1363 (1981). In *Lemoine v. Avoyelles Farmers Co-op,* 307 So.2d 762 (La.App. 3d Cir.1975) the court emphasized, "[w]hatever is notice enough to excite attention and put the owner on guard and call for inquiry, is tantamount to knowledge or notice of everything to which inquiry may lead, and such information or knowledge as ought to reasonably put the owner on inquiry, is sufficient to start the running of prescription." *Id.* at 763–64.

It is readily apparent from the deposition testimony of Mr. Noel that the debtor had more than enough information to excite inquiry. There is no factual issue here for trial. The only question is a legal one: when did the prescriptive period begin to run. This court finds that that period be-

gan to run when the agreement was terminated, at the very latest. The standard proposed by the trustee would indefinitely prolong the prescriptive period for any similar tort action, which is directly contrary to the policy of prescription. A plaintiff may not delay bringing an action based in tort until all possible damage has occurred, nor does filing for relief in bankruptcy re-open a prescriptive period which has run. Such a holding would render any provision for prescription pointless. Therefore, the plaintiff's claims for intentional and negligent misrepresentation, products liability, and redhibition are therefore prescribed, and are dismissed.

## II.

### Damages for mental anguish are not recoverable by a corporation.

■ In interrogatories promulgated by Enstrom, the trustee was asked the basis for the damages claimed. In Answers to Interrogatories made a part of the record herein, the trustee stated that $500,000.00 was claimed for "worry, aggravation, harrassment and inconvenience." The damages claimed by the trustee for worry, aggravation, harrassment, and inconvenience fall within the general category of mental anguish. *Hogan Exploration, Inc. v. Monroe Engineering Associates, Inc.,* 430 So.2d 696, 704 (La.App. 2d Cir.1983). The Louisiana judiciary has consistently held that a corporate plaintiff cannot experience mental anguish. *Id.* Moreover, this absolute bar to an award for damages for mental anguish to a corporate plaintiff does not depend on whether the action is brought in contract or tort. *See e.g., Hogan Exploration, Inc. v. Monroe Engineering Associates, Inc., supra; M & A Farms Ltd. v. Town of Ville Platte,* 422 So.2d 708, 711 (La.App. 3d Cir.1982); *Wendorf v. Corley,* 394 So.2d 1252, 1255 (La.App.3d Cir.1980).

Again, this question presents no factual issue for trial, only the legal question of whether a corporation can suffer such damage on this point. The trustee makes only the bare assertion that a corporation can

suffer harrassment and inconvenience. This court has found no support for that contention, and finds it unpersuasive. A corporation can suffer only economic damage, and can recover only for actions which have an economic impact. Therefore, the trustee's claim for $500,000.00 for worry, aggravation, harrassment and inconvenience must be stricken.

### III.

### The trustee's demand for attorney's fees must be stricken.

In the Answers to Interrogatories referred to above, the trustee states that $100,000.00 is claimed for "travel, telephone, accounting, legal and other expenses". Enstrom asserts that these items, particularly legal fees, are not recoverable as damages. The trustee states in his memorandum in opposition to this motion that those fees and expenses encompass fees and travel expenses incurred in attempting to resolve this litigation before suit was filed, and expenses incurred in dealing with dissatisfied customers.

■■■ Insofar as plaintiff seeks to recover attorney fees and related expenses, whether incurred before or after this suit was filed, that claim must be stricken. It has long been accepted in Louisiana courts, and indeed, in the courts of every other state, that attorneys fees and other litigation expenses are not recoverable unless such recovery is specifically provided for by contract or statute. *Austin v. D.R. Parker*, 672 F.2d 508 (5th Cir.1982); *Washington Aluminum Co. v. Pittman Construction Co.*, 383 F.2d 798 (5th Cir.1967); *Evans v. Century Ready Mix Corp.*, 446 So.2d 860 (La.App. 2d Cir.1984); *Liberto v. Villard*, 386 So.2d 930 (La.App. 3d Cir. 1980); *Gordon v. General Motors Corp.*, 323 So.2d 496 (La.App. 3d Cir.1975). The trustee can point to no statutory or contractual provision allowing an award of attorneys' fees. There being no factual issue for trial, that portion of the trustee's claim is hereby stricken. As to the claimed expenses allegedly due because of dissatisfied customers, insofar as they sound in tort, those claims are prescribed. If the trustee can prove those damages as recoverable under the distributorship agreement, he will be free to do so at trial, as they may constitute part of the alleged economic loss suffered by Noel, Inc.

### IV.

### Louisiana law does not permit the recovery of punitive damages.

■■■ The trustee offers no argument in this instance. Accordingly, the trustee's claim for $1,000,000.00 in punitive damages is hereby stricken.

### V.

### Plaintiff cannot maintain an action in redhibition against defendant Enstrom because 1) Noel, Inc. has not been held liable within the meaning of Article 2531 and/or 2) Noel, Inc. cannot bring itself within the terms of Article 2520.

Enstrom argues that a seller is given a right of action against a manufacturer in redhibition only under La.Civil Code Art. 2531, as a right of indemnification. Enstrom points out that redhibition is consumer oriented, and, under La.Civil Code Art. 2520 was intended to provide a cause of action for consumers against manufacturers where there would otherwise be no right of action because of a lack of privity. An action in redhibition is unnecessary as between a seller and a manufacturer because an action in contract already exists. *Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc.*, 262 La. 80, 262 So.2d 377 (1972).

This court agrees that, even if the trustee's claims in redhibition were not prescribed, the only such action available to the trustee is under Article 2531. The trustee cannot bring himself within Article 2520, which states as follows:

> *Redhibition* is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.

■ For plaintiff to maintain an action in redhibition, the alleged defects in the helicopters sold to Noel, Inc. had to render the helicopters either 1) "absolutely useless" or 2) "so inconvenient and imperfect" that Noel, Inc. would not have purchased them had it known of the defect.

The deposition testimony of James Noel unequivocally demonstrates that Noel, Inc. entered into its first distributorship agreement with Enstrom in 1978. Noel, Inc. sold Enstrom Helicopters from that time until it terminated its agreement in 1981. Thus, Noel, Inc. continued to receive helicopters pursuant to the distributorship agreement from Enstrom and to sell them to its customers for a profit, for a period of approximately three years. Under these circumstances the helicopters were not completely useless. These helicopters were sold and used by Noel, Inc.

Furthermore, the record in this matter establishes that the Enstrom helicopters did not contain defects which rendered their use so inconvenient and imperfect that Noel, Inc. would not have purchased them had it known of the alleged defects. Assuming that the helicopters did contain a defect, Mr. Noel, as president of the company, became aware of the alleged defects long before Noel, Inc. terminated its distributorship agreement with Enstrom in 1981. This conclusion is supported by the list of alleged mechanical problems encountered by Noel, Inc. with the Enstrom helicopters. This list shows that Noel, Inc. encountered the alleged mechanical problems beginning as early as January 19, 1978. Accordingly, if in fact the helicopters were defective, Noel, Inc. knew of these defects and continued to accept helicopters under the terms of the distributorship agreement for a period of approximately three years. The trustee has produced no evidence to the contrary. Thus, there being no factual issue for trial, this court finds no action in redhibition lies under the provisions of Article 2520.

■ Now the provisions of Article 2531 must be considered. Article 2531, on its face, provides only for an action by the seller against the manufacturer for indemnification. There is no reason to extend the redhibition statutes any further, nor is this the proper forum to make such an extension. The seller has a remedy, in contract, and that contract controls the legal relations between the parties to it. Indeed, in the cases recognizing the right of a distributor to sue the manufacturer in redhibition under Article 2531, the distributor has first been sued by its own purchaser. *See, e.g., McManus v. Galaxy Carpet Mills, Inc.*, 433 So.2d 854 (La.App. 3d Cir. 1983); *Ball v. Ford Motor Co.*, 407 So.2d 777 (La.App. 1st Cir.1981); *Cernigliaro v. Marquis Marine, Inc.*, 381 So.2d 886 (La. App.2d Cir.1980); *Dixon Enterprises, Inc. v. Restaurant Products, Inc.*, 389 So.2d 859 (La.App. 4th Cir.1980); *Riche v. Krestview Mobile Homes, Inc.*, 375 So.2d 133 (La.App. 3d Cir.1979); *Reeves v. Great Atlantic & Pacific Tea Co.*, 372 So.2d 568 (1979); *Muller v. A.K. Durnin Chrysler-Plymouth, Inc.*, 361 So.2d 1257 (La.App. 1st Cir), *writ denied*, 363 So.2d 915 (1978). Enstrom produced responses to discovery which indicated that no suits against Noel, Inc. for redhibitory defects had resulted in judgments against Noel, Inc. The trustee responds only by stating the "[t]he court will not be able to rule on this motion until the facts are heard at the trial on the merits" and that "Noel has been sued and has been held liable in actions by customers regarding Enstrom Helicopters". However, as pointed out above, the party opposing a motion for summary judgment may not rest on mere denials once the movant has made a threshold showing. *McCormick, supra*. The trustee had the opportunity to present proper evidence with which to support his contention and failed to do so. Thus this court finds no factual issue for trial. The trustee therefore cannot maintain an action for indemnification against Enstrom under Article 2531.

## VI.

### The trustee has no claim in products liability or negligence for losses which are purely economic.

■ Enstrom makes a very convincing argument that economic losses are not re-

coverable in products liability. The basis of that argument is that products liability was intended to protect consumers from unreasonable risk of injury, not economic loss, which is a cost factor. The seminal case recognizing this principle is *Seely v. White Motor Co.*, 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145 (1965). The *Seely* Court carefully distingushed recovery for economic loss from recovery for physical injuries. In so doing, the court held:

> A consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a product on the market. He can, however, be fairly charged with the risk that the product will not meet his economic expectations unless the manufacturer agrees that it will. Even in actions for negligence, a manufacturer's liability is limited to damages for physical injuries and there is no recovery for economic loss alone.

45 Cal.Rptr. at 23, 403 P.2d at 151. The jurisprudence following and adhering to the *Seely* decision is legion. *See e.g. East River Steamship Corp. v. Delaval Turbine, Inc.* 752 F.2d 903 (3d Cir.1985); *County of Suffolk, New York v. Long Island Lighting Co.*, 728 F.2d 52 (2d Cir. 1984); *Leadfree Enterprises, Inc. v. United States Steel Corp.*, 711 F.2d 805 (7th Cir.1983); *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942 (11th Cir.1982); *Purvis v. Consolidated Energy Products Co.*, 674 F.2d 217 (4th Cir.1982); *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165 (3rd Cir.1981); *Jones and Laughlin Steel Corp. v. Johns-Manville Sales Corp.*, 626 F.2d 280 (3d Cir. 1980); *Two Rivers Co. v. Curtiss Breeding Service*, 624 F.2d 1242 (5th Cir.1980). This court agrees with this analysis, and the trustee does not seriously dispute it. Thus, as well as being prescribed, the trustee's claims for economic injury sounding in products liability are hereby dismissed.

Enstrom makes a similar argument with regard to claims for economic loss based on negligence theories, citing *Guilbeau v. Liberty Mutual Insurance Co.*, 338 So.2d 600 (La.1976) and *Clark v. International Har-*

*vester Co.*, 99 Idaho 326, 581 P.2d 784 (1978). Although this court questions the breadth of that argument (Enstrom does not distinguish between different theories of negligence), and has held any such claim to be prescribed, since the trustee makes no argument, those claims are also dismissed.

### Conclusion

The motion for summary judgment is granted in all its particulars. Of course, the trustee's complaint is broad enough to state a cause of action in contract, *see Federal Insurance Co. v. Insurance Company of North America*, 262 La. 509, 263 So.2d 871 (La.1972), and that action remains to be tried. A judgment consistent with this opinion shall be signed upon submission.